862 F.2d 869
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Henry E. COOK, Plaintiff-Appellant,
v.
EASTERN ASSOCIATED COAL CORP., a foreign corporation
authorized to do business in the State of West
Virginia, Defendant-Appellee,
and
Eastern Gas & Fuel Associates, a foreign corporation
authorized to do business in the State of West
Virginia, Defendant.
 No. 88-1543.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Sept. 7, 1988.
Decided: Nov. 15, 1988.
 
 J.W. Feuchtenberger, Stone, McGhee, Feuchtenberger, Barringer & Czarnik, for appellant.
 Ricklin Brown, Alicia J. Clegg, Bowles, McDavid, Graff & Love, for appellee.
 Before WIDENER, SPROUSE, and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Henry E. Cook appeals from the denial by the district court of his motion to remand this action to state court and the grant of summary judgment in favor of Eastern Associated Coal Corporation. We granted the parties' joint motion to submit the case on briefs without oral argument and now affirm.
 
 
 2
 Cook was employed with Eastern Coal from 1947 through 1972, when he voluntarily left Eastern Coal for a higher paying position with another company. He had accumulated vested benefits under Eastern Coal's retirement plan based on his 25 years of service, which were frozen upon his resignation. After three years employment with Carbon Fuel Company, Cook rejoined Eastern Coal. Although the plan provided for benefits to be computed based on continuous service, Cook alleged that a former Eastern Coal vice-president assured him that his service would be treated as uninterrupted for retirement benefits purposes.
 
 
 3
 Cook contends that he learned in 1985 that Eastern Coal did not plan to credit his prior service for retirement benefits. He subsequently filed suit in state court against Eastern Coal and the retirement plan administrator, Eastern Gas & Fuel Associates. Eastern Gas was dismissed with Cook's consent and Eastern Coal removed the action to federal court.
 
 
 4
 Eastern Coal moved for summary judgment on the ground that the claim was preempted by the provisions of the Employee Retirement Income Security Act (ERISA), 29 U.S.C.A. Secs. 1001, et seq. (West 1985), and that oral modification of such a retirement plan was unenforceable. Cook sought to have the case remanded to state court on the basis that the action was merely a breach of contract case containing no federal question. The district court denied Cook's motion to remand and entered summary judgment in favor of Eastern Coal.
 
 
 5
 The district court correctly determined that Cook's claim was preempted by ERISA. 29 U.S.C.A. Sec. 1144(a) (ERISA "supersede[s] any and all State laws insofar as they may now or hereafter relate to any employer benefit plan" it covers). The Supreme Court recently interpreted this section and construed it broadly in ruling that preemption included state common law causes of action which might affect employee benefit plans. Pilot Life Ins. Co. v. Dedeaux, 481 U.S. ----, ----, 95 L.Ed.2d 39, 47-48 (1987). See also Metropolitan Life Ins. Co. v. Taylor, 481 U.S. ----, 95 L.Ed.2d 55 (1987) (common law causes of action filed in state court preempted by ERISA and properly removable).
 
 
 6
 Further, summary judgment was appropriately entered in favor of Eastern Coal on the merits of this claim. Cook's claim was based solely on an alleged oral promise of a former Eastern Coal employee that would have altered the retirement plan's express provision that benefits were based upon continuous and uninterrupted service. ERISA provides that employee benefit plans must be "maintained pursuant to a written instrument," 29 U.S.C.A. Sec. 1102(a)(1), and these benefit plans may not be modified by alleged oral promises. Nachwalter v. Christie, 805 F.2d 956 (11th Cir.1986).
 
 
 7
 AFFIRMED.