**Jose E. GONZALEZ, Plaintiff,**

v.

**DYNAIR SERVICE CO., INC., Defendant.**

**No. 89 CV 3671.**

United States District Court, E.D. New York.

Jan. 16, 1990.

Joseph B. Miller, P.C., (Joseph B. Miller, of counsel), Kew Gardens, N.Y., for plaintiff.

Gallagher & Gossen, (Robert Sparer, of counsel), New York City, for defendant.

MEMORANDUM AND ORDER

NICKERSON, District Judge.

Plaintiff brought suit in the Supreme Court of the State of New York claiming that he had been discriminated against by his employer Dynair Service Co., Inc. (Dynair) in violation of New York Human Rights Law, Executive Law § 296. Dynair removed the case to this court. Plaintiff moves to remand, arguing that the court lacks jurisdiction and, in the alternative, moves for preliminary injunction.

The complaint alleges, in substance, the following. Plaintiff, employed since 1974 by Dynair as a baggage handler, was arrested on January 20, 1989, for possession of stolen airline tickets. On January 27, 1989, Dynair dismissed plaintiff because of the circumstances of his arrest. In July 1989, the charges were dismissed. The complaint claims that the discharge was illegal under New York Executive Law and seeks damages and a restoration of plaintiff to his job.

The removal papers assert that during his employment plaintiff was covered by a collective bargaining agreement between Dynair and the Air Transport Local 504 (the Union). Apparently, the Union filed a grievance on plaintiff's behalf, challenging the discharge. He has now exhausted all the preliminary steps of the grievance procedure. The parties are currently scheduling a date for binding arbitration.

## I

Under 28 U.S.C. § 1441, a defendant may remove to federal court a civil action where the court has original jurisdiction. The parties agree that they are not of diverse citizenship, both are citizens of New York. However, this court has jurisdiction of a civil action "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

█ "[A] cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 107 S.Ct. 1542, 1546, 95 L.Ed.2d 55 (1987).

The complaint states three state law claims. The first refers to section 296(15) of the New York Executive Law. That section, however, refers only to improper refusals to hire certain applicants who in the past have been convicted of crimes. That section has no application here since plaintiff was not convicted, only arrested. The court concludes that plaintiff intended to bring his action under Executive Law § 296(16), which makes it an unlawful discriminatory practice for a corporation, among other things, to "act upon adversely to the individual involved, any arrest or criminal accusation" of the individual where the charge has been dismissed.

The complaint further claims that defendant "illegally obtained confidential information" concerning the arrest of plaintiff. This claim also appears to be brought under Executive Law § 296(16). That section also makes it an unlawful discriminatory practice to make "any inquiry about" an arrest where the criminal action has been dismissed.

The third claim restates the earlier two, merely defining what relief is available under the enforcement provision, Executive Law § 297. All the claims in the complaint are on their face based on state law.

Defendant contends that the state law claims are preempted by § 301 of the Labor Management Relations Act, 29 U.S.C. § 185, which provides, in substance, that suits for violation of contracts between an employer and a labor organization may be brought in any district court of the United States having jurisdiction of the parties.

▇▇▇▇ Generally federal preemption is a defense, does not appear on the face of the complaint and thus "does not authorize removal to federal court." *See Taylor, supra,* 107 S.Ct. at 1546. However, one corollary of the so-called well-pleaded complaint rule is that "Congress may so completely pre-empt a particular area, that any civil complaint raising this select group of claims is necessarily federal in character" and thus may be removed. *Id.* If section § 301 *"completely preempts* a state cause of action[,] any complaint that comes within the scope of the federal cause of action

necessarily 'arises under' federal law." *See Franchise Tax Bd. v. Construction Laborers Vacation Trust.,* 463 U.S. 1, 24, 103 S.Ct. 2841, 2854, 77 L.Ed.2d 420 (1983) (emphasis added).

But there is preemption only if resolution of the state law claim "depends upon the meaning of a collective bargaining agreement." *See Lingle v. Norge Div. of Magic Chef, Inc.,* 486 U.S. 399, 108 S.Ct. 1877, 1881, 100 L.Ed.2d 410 (1988). Preemption thus serves to prevent the undercutting of uniformity in the interpretation of collective bargaining agreements and the sidestepping of available grievance procedures and thus apt to cause arbitration to lose most of its effectiveness. *See Lingle, supra,* 486 U.S. 399, 108 S.Ct. at 1880 n. 3, 1884, 100 L.Ed.2d 410 (1985).

▇▇▇▇ The issue here is whether the claims based on Executive Law § 296(16) depend on the interpretation of the bargaining agreement.

To establish liability under this section, plaintiff would have to prove that he was discharged or not reinstated because of his arrest, and that there were no bona fide business reasons for the employer's conduct. *See Salanger v. U.S. Air,* 611 F.Supp. 427, 432 (N.D.N.Y.1985). The elements of his claim do not require an interpretation of the collective bargaining agreement. *Cf. Lingle, supra,* 108 S.Ct. at 1885 (state anti-discrimination claims not preempted by § 301 even if court must determine whether there was "just cause" for the firing).

While the court might have to refer to the agreement to calculate damages, this is not enough to preempt the claims. The court would, of course, apply uniform federal law when referring to the agreement:

[A]s a general proposition, a state law claim may depend for its resolution upon both the interpretation of a collective-bargaining agreement and a separate state law analysis that does not turn on the agreement. In such a case, federal law would govern the interpretation of the agreement, but the separate state law analysis would not be thereby pre-

empted. As we said in *Allis–Chalmers Corp. v. Lueck,* 471 U.S. [202], at 211, 105 S.Ct. [1904], at 1911 [85 L.Ed.2d 206], "not every dispute ... tangentially involving a provision of a collective-bargaining agreement is preempted by § 301."

*Lingle,* 108 S.Ct. at 1885 n. 12.

The state-law claims are not "completely preempted" by § 301(a) and thus are not removable to this court. *See International al Ass'n of Machinists and Aerospace Workers, Local 967 v. General Electric,* 713 F.Supp. 547, 555 (1989).

The action is remanded to the Supreme Court of the State of New York. *See* 28 U.S.C. § 1447(c).

So ordered.