### E.S. Preston Assoc. v. Weimer
*[Cite as 2 AOA 607]*

*Case No. 89AP-1211*
*Franklin County, (10th)*
*Decided April 26, 1990*

*Mr. Arnold S. White, for appellant.*

*Harris, McClelland, Binau & Cox, Mr. James B. Harris, Mr. Garth G. Cox, and Mr. James Viets, for appellees.*

WHITESIDE, J.

Plaintiff-appellant, E. S. Preston Associates, Inc., appeals a judgment of the Franklin County Court of Common Pleas dismissing plaintiff's complaint and defendants' counterclaim for lack of subject matter jurisdiction. While plaintiff does not set forth assignments of error as required by App. R. 16(A)(2), plaintiff raises the following argument:

"The court erred in dismissing the complaint for want of subject matter jurisdiction."

Plaintiff, a retirement trust organized in Ohio, filed a complaint against defendants Donald L. Weimer and Paul Knisley, associates of plaintiff and participants in plaintiff's retirement plan to recover on notes signed by each defendant which are now allegedly in default. Plaintiff further alleged that defendants had been making payments on the loans pursuant to the terms of the notes, but that payments had now stopped. Defendants admitted in their separate answers that each had made loan agreements with plaintiff but both denied being in default.

In addition to the answer, each defendant filed a separate cross-claim against plaintiff alleging that plaintiff failed to distribute to each defendant his share of retirement, pension, and profit-sharing benefits. Plaintiff then filed a motion to dismiss defendants' counterclaims contending that such claims were within exclusive jurisdiction of the federal courts as they fall within the Employee Retirement Income Security Act (ERISA), specifically Section 1132(a), Title 29, U.S. Code.

Defendants countered with their own motion to dismiss the entire case for lack of subject matter jurisdiction based upon ERISA's preemption provision of Section 1132(a), Title 29, U.S. Code. Defendants base their contention that even plaintiff's claim is preempted by ERISA on the following clause in the *loan agreements*:

"If I [defendants] should terminate my membership in the Plan before this loan has been repaid in full, I authorize the Trustee and Committee of the Plan to deduct the unpaid balance of the loan(s) and interest from any

benefits that may become payable to me \*\*\* from the Plan. \*\*\*"

According to defendants, because of this "set-off" provision, it cannot be determined what amounts, if any, are owed to plaintiff by defendants until a determination is made regarding what benefits under the plan are owed to defendants. The trial court, pursuant to an agreement between the parties, converted the motions to dismiss into motions for summary judgment and determined "\*\*\* that there is no issue of material fact and that the Court is without subject matter jurisdiction \*\*\*" of the entire case. While plaintiff has filed an appeal of this decision, defendants did not appeal the decision to dismiss their respective counterclaims.

Both parties agree that the various pension, retirement, and profit-sharing plans of plaintiff are "employee welfare benefit plans" for purposes of ERISA. An "employee welfare benefit plan" is defined in Section 1002(i), Title 29, U.S. Code, as "\*\*\* any plan, fund, or program \*\*\* established or maintained by an employer \*\*\* to the extent that such plan, fund or program was established or is maintained for the purpose of providing its participants or their beneficiaries \*\*\*" benefits including, but not limited to, medical, disability, death, unemployment or vacation benefits. As such, the provisions of ERISA apply to the extent delineated in Section 1001, Title 29, U.S. Code.

The so-called "preemption clause" is set forth in Section 1144(a), Title 29, U.S. Code, and provides:

"Except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III of this chapter *shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan* described in section 1003(a) of this title and not exempt under section 1003(b) of this title. \*\*\*" (Emphasis added.)

This section is relied upon by defendants to support their position that the trial court was correct in dismissing the case for lack of subject matter jurisdiction. The "saving provision" of Section 1144(b)(2)(A), Title 29, U.S. Code, does not apply here as there is no contention that plaintiff is involved in insurance, banking, or securities.

The other provision upon which defendants rely to support their position is Section 1132, Title 29, U.S. Code, which contains the jurisdictional statement giving federal courts exclusive jurisdiction over all ERISA claims except those involving claims to recover benefits due a participant or beneficiary under the plan. In those instances, state courts have concurrent jurisdiction with the federal courts. Irrespective of which court has jurisdiction, pursuant to Section 1144(a), Title 29, U.S. Code, state laws which "relate" to an employee benefit plan are superseded and instead the provisions of ERISA apply.

In enacting ERISA, Congress was explicit as to the purpose of the act. Sections 1001(b) and (c), Title 29, U.S. Code, provide in pertinent part:

"(b) It is hereby declared to be the policy of this chapter to protect interstate commerce and the interests of participants in employee benefit plans and their beneficiaries, by requiring the disclosure and reporting to participants and beneficiaries of financial and other information with respect thereto, by establishing standards of conduct, responsibility, and obligation for fiduciaries of employee benefit plans, and by providing for appropriate remedies, sanctions, and ready access to the federal courts."

"(c) It is hereby further declared to be the policy of this chapter \*\*\* [to improve] the equitable character and the soundness of such plans by requiring them to vest the accrued benefits of employees with significant periods of service, to meet minimum standards of funding, and by requiring plan termination insurance."

With these policies and stated purposes in mind, we turn to an application of the ERISA provisions. In order to determine whether state law has been superseded making the provisions of ERISA the only applicable law, we examine the phrase "relate to any employee benefit plan" of section 1144(a), Title 29, U.S. Code. State law is said to "relate" to a plan if it is connected with the plan or makes reference to it. See *Shaw* v. *Delta Air Lines, Inc.* (1983), 463 U.S. 85, 97. When a participant or beneficiary brings an action in common law tort or contract alleging the improper processing of claims, clearly those claims relate to the plan and are thus preempted. *Pilot Life Ins. Co.* v. *Dedeaux* (1987), 481 U.S. 41. Additionally, an alleged wrongful termination of disability benefits based upon common law breach of contract is preempted by ERISA. *Metropolitan Life Ins. Co.* v. *Taylor* (1987), 481 U.S. 58.

In *Pilot Life, supra,* at 54, the court recognized the overall goal of ERISA as follows: "\*\*\* a comprehensive civil enforcement scheme that represents a careful balancing of the need for prompt and fair claims settlement procedures

against the public interest in encouraging the formation of employee benefit plan." Furthermore, the court quoted, at 55, the following from the Conference Report on ERISA regarding the types of cases anticipated under ERISA:

"'Under the conference agreement, civil actions may be brought by a participant or beneficiary to recover benefits due under the plan, to clarify rights to receive future benefits under the plan, and for relief from breach of fiduciary responsibility.... [W]ith respect to suits to enforce benefit rights under the plan or to recover benefits under the plan which do not involve application of the Title I provisions, they may be brought not only in U.S. district courts but also in State courts of competent jurisdiction. ***'"

Thus, clearly issues dealing with benefits that may be payable under an employee benefit plan are covered by ERISA, not state law.

Turning to plaintiff's complaint alleging default of the notes which defendants admit to signing, it is clear that the cause of action does not fall within the parameters of ERISA. (Defendants' counterclaims are not before this court as defendants did not appeal the dismissal.) Therefore, the only consideration properly before this court is whether plaintiff's common-law suit on the note is preempted by ERISA because it "relates" to the terms and conditions of the plan established by plaintiff.[1]

The first and most obvious distinction between this case and those set forth above is that a participant or beneficiary is not bringing this action seeking a determination of his rights under the plan. Rather, the plan itself is bringing the action to recover amounts allegedly due it pursuant to notes. So far as plaintiff's claims are concerned, the terms and conditions of the plan are not relevant; the only question being whether defendants are liable on the notes and whether defendants are in default on the notes.

Defendants rely upon the set-off or "pledge" provision of the note, which *authorizes* the plan to deduct any unpaid portion of the loans from any amounts owing to defendants (benefits under the plan) at the termination of this employment with plaintiff. Defendants contend that a determination of whether they owe any money to plaintiff under the notes cannot be made until it is determined whether defendants are entitled to any benefits under the plan because of the "set-off" provisions.

The set-off provision is not a right of the employees (defendants) under the plan or otherwise, but, rather, it is a right of the plan as creditor (holder of the notes) which at its option may or may not choose to exercise. "Authorized" and "require" are not equivalent terms. Authorized connotes authority but not a duty to act, whereas "requires" connotes a duty to act.

Therefore, while the plan (plaintiff) may *choose* to set-off any amount owing to defendants for the balance of the loan, there is nothing in the note or elsewhere in the record to *require* plaintiff to set-off those amounts.

Furthermore, it must first be determined whether defendants owe any money to plaintiff before the set-off provision becomes relevant. In other words, there are two separate issues here and a determination of plaintiff's claims against defendants does not foreclose a later determination of defendants' claims against the plan. While defendants' claims for unpaid benefits may come under the provisions of ERISA as they "relate" to an employee benefit plan, it does not follow that plaintiff's claim for the unpaid balance of the loan also "relates" to that plan. Rather, the loan agreements do not "relate" to the plan. The loan agreements are not part of the ERISA plan but, instead, are separate unrelated agreements between plaintiff and defendants event though the loan agreements refer to the plan and, as partial security for the loans, purport to "pledge" plan proceeds in case of default on the loan agreements.

As stated previously, one purpose of ERISA is to protect the interest of participants in employee benefit plans. In order to carry out this purpose, ERISA was designed to be a comprehensive exclusive regulatory scheme. Section 1132(a), Title 29, U.S. Code, sets forth the types of actions which may be brought and who may bring them:

"A civil action may be brought—

"(1) by a participant or beneficiary—

"(A) for the relief provided for in subsection (c) of this section, or

"(B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;

"(2) by the Secretary, or by a participant, beneficiary or fiduciary for appropriate relief under section 1109 of this title;

"(3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the

terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan;

"(4) by the Secretary, or by a participant, or beneficiary for appropriate relief in the case of a violation of 1025(c) of this title;

"(5) except as otherwise provided in subsection (B) of this section, by the Secretary (A) to enjoin any act or practice which violates any provision of this subchapter, or (b) to obtain other appropriate equitable relief (i) to redress such violation or (ii) to enforce any provision of this subchapter; or

"(6) by the Secretary to collect any civil penalty under subsection (i) of this section."

Even if plaintiff's claim somehow were preempted by ERISA, nothing in the above-quoted section confers upon plaintiff the right to bring an action under ERISA against the participant or beneficiary. There is no provision which applies to the plan itself pursuing a claim it has against beneficiaries for failure to pay amounts due on unrelated notes even if by plan-secured benefits. Furthermore, the basic definition of an "employee benefit plan" contained in Section 1002, Title 29, U.S. Code, does not include the plan's loaning money to participants. In other words, when the plan engaged in the act of loaning money to defendant participants, the plan was not acting within the scope of its intended purpose but, instead, was engaged in commercial transactions involving "investment" of fund assets. While the act of loaning money to participants may not be prohibited, it is not covered by ERISA.

Plaintiff's complaint, which is grounded in a common law (or U.C.C.) action for default on a note, is not preempted by ERISA, Section 1144(a), Title 29, U.S. Code. This state-law claim does not "relate" to the plan in a manner contemplated by the preemption provision nor by the court decisions interpreting that provision. The underlying purpose of ERISA is to protect participants or beneficiaries and their interests in employee-benefit plans by providing a comprehensive statutory scheme. A decision allowing plaintiff plan to pursue a common law claim on the notes will neither detract from nor erode this purpose. Furthermore, plaintiff's claim is neither provided for nor covered by ERISA, and plaintiff is not precluded from pursuing the alleged common law claim against defendants.

Defendants, on the other hand, are not precluded by this decision from bringing an action against plaintiff pursuant to ERISA (or otherwise if they have such a claim). As stated previously, the plaintiff's actions and those of defendants are independent of each other, and the determination of plaintiff's claim does not foreclose defendants from pursuing their claims. Accordingly, plaintiff's sole assignment of error is well-taken.

For the foregoing reasons, plaintiff's assignment of error is sustained, the judgment of the Franklin County Court of Common Pleas is reversed, and this cause is remanded to that court for further proceedings in accordance with law consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

YOUNG and BRYANT, JJ., Concur.

---

[1] There is no question presented herein as to the extent of state court jurisdiction over ERISA claims.