# METROPOLITAN LIFE INSURANCE CO. *v.* TAYLOR

No. 85–686.   Argued January 21, 1987—Decided April 6, 1987*

---

*Together with No. 85–688, *General Motors Corp. v. Taylor,* also on certiorari to the same court.

O'CONNOR, J., delivered the opinion for a unanimous Court. BRENNAN, J., filed a concurring opinion, in which MARSHALL, J., joined, *post*, p. 67.

*David M. Davis* argued the cause for petitioners in both cases. With him on the briefs were *Eugene L. Hartwig, Daniel G. Galant, Stanley R. Strauss, George J. Pantos, William J. Toppeta, Nancy I. Mayer, James M. Lenaghan, Robert L. Stern, Paul M. Bator,* and *Stephen M. Shapiro.*

*Peter E. Scheer* argued the cause and filed a brief for respondents in both cases.†

---

†*John M. Vine* and *Harris Weinstein* filed a brief for the ERISA Industry Committee as *amicus curiae* urging reversal.

JUSTICE O'CONNOR delivered the opinion of the Court.

In *Pilot Life Ins. Co.* v. *Dedeaux, ante,* p. 41, the Court held that state common law causes of action asserting improper processing of a claim for benefits under an employee benefit plan regulated by the Employee Retirement Income Security Act of 1974 (ERISA), 88 Stat. 829, 29 U. S. C. § 1001 *et seq.*, are pre-empted by the Act. 29 U. S. C. § 1144 (a). The question presented by this litigation is whether these state common law claims are not only pre-empted by ERISA, but also displaced by ERISA's civil enforcement provision, § 502(a)(1)(B), 29 U. S. C. § 1132(a)(1)(B),[1] to the extent that complaints filed in state courts purporting to plead such state common law causes of action are removable to federal court under 28 U. S. C. § 1441(b).

## I

General Motors Corporation, a Delaware corporation whose principal place of business is in Michigan, has set up an employee benefit plan subject to the provisions of ERISA for its salaried employees. The plan pays benefits to salaried employees disabled by sickness or accident and is insured by the Metropolitan Life Insurance Company (Metropolitan).

General Motors employed Michigan resident Arthur Taylor as a salaried employee from 1959–1980. In 1961 Taylor was involved in a job-related automobile accident and sustained a back injury. Taylor filed a workers' compensation claim for this injury, and he eventually returned to work. In May 1980, while embroiled in a divorce and child custody dispute, Taylor took a leave of absence from his work on account of

---

[1] Section 502(a)(1)(B) provides:

"A civil action may be brought—

"(1) by a participant or beneficiary—

.            .            .            .            .

"(B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."

severe emotional problems. Metropolitan began paying benefits under General Motors' employee benefit plan, but asked Taylor to submit to a psychiatric examination by a designated psychiatrist. He did so and the psychiatrist determined that Taylor was emotionally unable to work. Six weeks later, after a followup examination, however, Metropolitan's psychiatrist determined that Taylor was now fit for work; Metropolitan stopped making payments as of July 30, 1980.

Meanwhile, Taylor had filed a supplemental claim for benefits alleging that his back injuries disabled him from continuing his work. Metropolitan again sent Taylor to be examined, this time by an orthopedist. The physician found no orthopedic problems and Metropolitan subsequently denied the supplemental disability claim. On October 31, General Motors requested that Taylor report to its medical department for an examination. That examination took place on November 5 and a General Motors physician concluded that Taylor was not disabled. When Taylor nevertheless refused to return to work, General Motors notified him that his employment had been terminated.

Six months later Taylor filed suit against General Motors and Metropolitan in Michigan state court praying for judgment for "compensatory damages for money contractually owed Plaintiff, compensation for mental anguish caused by breach of this contract, as well as immediate reimplementation of all benefits and insurance coverages Plaintiff is entitled to," App. to Pet. for Cert. in No. 85–688, pp. 28a–29a. Taylor also asserted claims for wrongful termination of his employment and for wrongfully failing to promote him in retaliation for the 1961 worker's compensation claim. *Id.*, at 25a–26a. General Motors and Metropolitan removed the suit to federal court alleging federal question jurisdiction over the disability benefits claim by virtue of ERISA and pendent jurisdiction over the remaining claims. *Id.*, at 30a. The District Court found the case properly removable and granted

General Motors and Metropolitan summary judgment on the merits. 588 F. Supp. 562 (ED Mich. 1984).

The Court of Appeals reversed on the ground that the District Court lacked removal jurisdiction. 763 F. 2d 216 (CA6 1985). Noting a split in authority on the question among the federal courts,[2] the Court of Appeals found that Taylor's complaint stated only state law causes of action subject to the federal defense of ERISA pre-emption, and that the "well-pleaded complaint" rule of *Louisville & Nashville R. Co.* v. *Mottley*, 211 U. S. 149 (1908), precluded removal on the basis of a federal defense. 763 F. 2d, at 219. The Court of Appeals further held that the established doctrine permitting the removal of cases purporting to state only state law causes of action in labor cases pre-empted by § 301 of the Labor Management Relations Act, 1947 (LMRA), 61 Stat. 156, 29 U. S. C. § 185, did not apply to this case. 763 F. 2d, at 220. We granted certiorari, 475 U. S. 1009 (1986), and now reverse.

## II

Under our decision in *Pilot Life Ins. Co.* v. *Dedeaux, ante,* p. 41, Taylor's common law contract and tort claims are pre-empted by ERISA. This lawsuit "relate[s] to [an] employee benefit plan." § 514(a), 29 U. S. C. § 1144(a). It is based upon common law of general application that is not a law regulating insurance. See *Pilot Life Ins. Co.* v. *Dedeaux, ante,* at 48–51. Accordingly, the suit is pre-empted by § 514(a) and is not saved by § 514(b)(2)(A). *Ante,* at 48. Moreover, as a suit by a beneficiary to recover benefits from

---

[2] Compare *Clorox Co.* v. *United States District Court,* 779 F. 2d 517, 521 (CA9 1985); *Roe* v. *General American Life Ins. Co.,* 712 F. 2d 450, 452 (CA10 1983); *Leonardis* v. *Local 282 Pension Trust Fund,* 391 F. Supp. 554, 556–557 (EDNY 1975); *Tolson* v. *Retirement Committee of the Briggs & Stratton Retirement Plan,* 566 F. Supp. 1503, 1504 (ED Wis. 1983) (all finding removal jurisdiction), with *Taylor* v. *General Motors Corp.,* 763 F. 2d 216, 219–220 (CA6 1985); *Powers* v. *South Central United Food & Commercial Workers Unions,* 719 F. 2d 760, 763–767 (CA5 1983) (no removal jurisdiction).

a covered plan, it falls directly under § 502(a)(1)(B) of ERISA, which provides an exclusive federal cause of action for resolution of such disputes. *Ante,* at 56.

## III

The century-old jurisdictional framework governing removal of federal question cases from state into federal courts is described in JUSTICE BRENNAN's opinion for a unanimous Court in *Franchise Tax Board of Cal.* v. *Construction Laborers Vacation Trust for Southern Cal.,* 463 U. S. 1 (1983). By statute "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U. S. C. § 1441(a). One category of cases over which the district courts have original jurisdiction are "federal question" cases; that is, those cases "arising under the Constitution, laws, or treaties of the United States." 28 U. S. C. § 1331. It is long settled law that a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law. *Gully* v. *First National Bank,* 299 U. S. 109 (1936); *Louisville & Nashville R. Co.* v. *Mottley, supra.* The "well-pleaded complaint rule" is the basic principle marking the boundaries of the federal question jurisdiction of the federal district courts. *Franchise Tax Board of Cal.* v. *Construction Laborers Vacation Trust for Southern Cal., supra,* at 9–12.

Federal pre-emption is ordinarily a federal defense to the plaintiff's suit. As a defense, it does not appear on the face of a well-pleaded complaint, and, therefore, does not authorize removal to federal court. *Gully* v. *First National Bank, supra.* One corollary of the well-pleaded complaint rule developed in the case law, however, is that Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal

in character. For 20 years, this Court has singled out claims pre-empted by § 301 of the LMRA for such special treatment. *Avco Corp.* v. *Machinists*, 390 U. S. 557 (1968).

> "The necessary ground of decision [in *Avco*] was that the pre-emptive force of § 301 is so powerful as to displace entirely any state cause of action 'for violation of contracts between an employer and a labor organization.' Any such suit is purely a creature of federal law, notwithstanding the fact that state law would provide a cause of action in the absence of § 301." *Franchise Tax Board of Cal.* v. *Construction Laborers Vacation Trust for Southern Cal., supra,* at 23 (footnote omitted).

There is no dispute in this litigation that Taylor's complaint, although pre-empted by ERISA, purported to raise only state law causes of action. The question therefore resolves itself into whether or not the *Avco* principle can be extended to statutes other than the LMRA in order to recharacterize a state law complaint displaced by § 502(a)(1)(B) as an action arising under federal law. In *Franchise Tax Board,* the Court held that ERISA pre-emption, without more, does not convert a state claim into an action arising under federal law. *Franchise Tax Board of Cal.* v. *Construction Laborers Vacation Trust for Southern Cal.,* 463 U. S., at 25–27. The court suggested, however, that a state action that was not only pre-empted by ERISA, but also came "within the scope of § 502(a) of ERISA" might fall within the *Avco* rule. *Id.,* at 24–25. The claim in this case, unlike the state tax collection suit in *Franchise Tax Board,* is within the scope of § 502(a) and we therefore must face the question specifically reserved by *Franchise Tax Board.*

In the absence of explicit direction from Congress, this question would be a close one. As we have made clear today in *Pilot Life Ins. Co.* v. *Dedeaux, ante,* at 54, "[t]he policy choices reflected in the inclusion of certain remedies and the exclusion of others under the federal scheme would be completely undermined if ERISA-plan participants and benefi-

ciaries were free to obtain remedies under state law that Congress rejected in ERISA." Cf. *Franchise Tax Board of Cal.* v. *Construction Laborers Vacation Trust for Southern Cal.,* 463 U. S., at 25–26 ("Unlike the contract rights at issue in *Avco,* the State's right to enforce its tax levies is not of central concern to the federal statute"). Even with a provision such as § 502(a)(1)(B) that lies at the heart of a statute with the unique pre-emptive force of ERISA, *id.,* at 24, n. 26, however, we would be reluctant to find that extraordinary pre-emptive power, such as has been found with respect to § 301 of the LMRA, that converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule. But the language of the jurisdictional subsection of ERISA's civil enforcement provisions closely parallels that of § 301 of the LMRA. Section 502(f) says:

> "The district courts of the United States shall have jurisdiction, without respect to the amount in controversy or the citizenship of the parties, to grant the relief provided for in subsection (a) of this section in any action." 29 U. S. C. § 1132(f).

Cf. § 301(a) of the LMRA, 29 U. S. C. § 185(a). The presumption that similar language in two labor law statutes has a similar meaning is fully confirmed by the legislative history of ERISA's civil enforcement provisions. The Conference Report on ERISA describing the civil enforcement provisions of § 502(a) says:

> "[W]ith respect to suits to enforce benefit rights under the plan or to recover benefits under the plan which do not involve application of the title I provisions, they may be brought not only in U. S. district courts but also in State courts of competent jurisdiction. *All such actions in Federal or State courts are to be regarded as arising under the laws of the United States in similar fashion to*

*those brought under section 301 of the Labor-Management Relations Act of 1947."* H. R. Conf. Rep. No. 93–1280, p. 327 (1974) (emphasis added).

No more specific reference to the *Avco* rule can be expected and the rest of the legislative history consistently sets out this clear intention to make § 502(a)(1)(B) suits brought by participants or beneficiaries federal questions for the purposes of federal court jurisdiction in like manner as § 301 of the LMRA. See *Pilot Life Ins. Co.* v. *Dedeaux, ante,* at 54–55. For example, Senator Williams, a sponsor of ERISA, emphasized that the civil enforcement section would enable participants and beneficiaries to bring suit to recover benefits denied contrary to the terms of the plan and that when they did so "[i]t is intended that such actions will be regarded as arising under the laws of the United States, in similar fashion to those brought under section 301 of the Labor Management Relations Act." 120 Cong. Rec. 29933 (1974). See also *id.,* at 29942 (remarks of Sen. Javits) (federal substantive law to "deal with issues involving rights and obligations under private welfare and pension plans").

Taylor argues strenuously that this action cannot be removed to federal court because it was not "obvious" at the time he filed suit that his common law action was both preempted by § 514(a), 29 U. S. C. § 1144(a), and also displaced by the civil enforcement provisions of § 502(a). See Brief for Respondent 14–21. But the touchstone of the federal district court's removal jurisdiction is not the "obviousness" of the pre-emption defense but the intent of Congress. Indeed, as we have noted, even an "obvious" pre-emption defense does not, in most cases, create removal jurisdiction. In this case, however, Congress has clearly manifested an intent to make causes of action within the scope of the civil enforcement provisions of § 502(a) removable to federal court. Since we have found Taylor's cause of action to be within the scope of § 502(a), we must honor that intent whether pre-emption was obvious or not at the time this suit was filed.

Accordingly, this suit, though it purports to raise only state law claims, is necessarily federal in character by virtue of the clearly manifested intent of Congress. It, therefore, "arise[s] under the . . . laws . . . of the United States," 28 U. S. C. § 1331, and is removable to federal court by the defendants, 28 U. S. C. § 1441(b). The judgment of the Court of Appeals is

*Reversed.*

JUSTICE BRENNAN, with whom JUSTICE MARSHALL joins, concurring.

I write separately only to note that today's holding is a narrow one. The Court rejects the position, urged by respondent, that removal jurisdiction exists only when the complaint states a claim that is "obviously" pre-empted by state law— that is, when a federal statute has obviously pre-empted state law, or when a decision of this Court has construed an ambiguous federal statute to pre-empt state law. The Court instead focuses on the "intent of Congress," *ante*, at 66, to make respondent's cause of action removable to federal court. This intent to pre-empt became effective when ERISA became law. Consequently, although pre-emption was not obvious under respondent's standard at the time of removal,* the District Court did in fact have jurisdiction over respondent's pre-empted claim.

While I join the Court's opinion, I note that our decision should not be interpreted as adopting a broad rule that *any* defense premised on congressional intent to pre-empt state law is sufficient to establish removal jurisdiction. The Court holds only that removal jurisdiction exists when, as here,

---

*In the understated words of a prior case which this Court repeats today, the pre-emption provisions of ERISA " 'perhaps are not a model of legislative drafting,' " *Pilot Life Ins. Co.* v. *Dedeaux, ante,* at 46, quoting *Metropolitan Life Ins. Co.* v. *Massachusetts,* 471 U. S. 724, 739 (1985). Accordingly, before today's decision in *Pilot Life,* the answer to the question whether ERISA pre-empted state claims of the sort at issue here was not obvious.

"Congress has *clearly* manifested an intent to make causes of action . . . *removable to federal court.*" *Ibid.* (emphasis added). In future cases involving other statutes, the prudent course for a federal court that does not find a *clear* congressional intent to create removal jurisdiction will be to remand the case to state court.