Theodore KANNE and Beatriz Kanne, Plaintiffs-Appellees,

v.

CONNECTICUT GENERAL LIFE INSURANCE COMPANY, Defendant/Appellant,

Lincoln National Life Insurance Company and Harlow Carpets, Inc., Defendants.

Theodore KANNE and Beatriz Kanne, Plaintiffs-Appellants,

v.

CONNECTICUT GENERAL LIFE INSURANCE COMPANY, Defendant-Appellee.

Nos. 85–5641, 85–5642.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 7, 1986.

Withdrawn from Submission July 2, 1986.

Resubmitted and Filed June 4, 1987.

Leonard Sacks, Encino, Cal., Carol A. Hay, and Andrew O. Feringa, Lakewood, Cal., for plaintiffs-appellees-appellants.

James S. Cline, Suzette Clover, David L. Bacon, and Bruce A. Beckman, Los Angeles, Cal., for defendants-appellants-appellees.

Before FLETCHER and PREGERSON, Circuit Judges, and PHILIP C. WILKINS,* District Judge.

PER CURIAM:

Appellant Connecticut General Life Insurance Co. (Connecticut General) appeals from a judgment awarding the Kannes $252,234 in compensatory damages and $500,000 in punitive damages. The Kannes cross-appeal the denial of attorneys fees.

The Kannes brought this action, which arises out of Connecticut General's obligation to pay the costs of medical treatment for their son, Jonathan, for reimbursement for an airline fare to transport Jonathan from the Netherlands to the United States for surgery, and for compensation for the emotional distress caused them by the delay in payments for the airline, physician, and hospital bills. The Kannes based their claims on a number of theories. They prevailed on three that are at issue on appeal: two state common-law causes of action, one for breach of contract, and the other for breach of duty of good faith and fair dealing, and one statutory cause of action under the California Insurance Code for failure to pay claims reasonably promptly.[1]

## DISCUSSION

We withdrew the case from submission pending the Supreme Court's decision in *Pilot Life Insurance Co. v. Dedeaux,* —— U.S. ——, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987), in light of Connecticut General's contention at trial and before this court that the Kannes's state-law claims are preempted by the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq.*[2] *Pilot Life* and a companion case, *Metropolitan Life Insurance Co. v. Taylor,* —— U.S. ——, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987), which also bears on the issues presented here, have now been decided. We now resubmit the case and review de novo as a matter of law the district court's conclusion that the claims were

---

* Honorable Philip C. Wilkins, Senior United States District Judge, Eastern District of California, sitting by designation.

1. The Kannes also claimed breach of fiduciary duty, fraud, and failure to adopt reasonable standards for the processing of claims, *see* Cal. Ins.Code § 790.03(h)(3). They do not appeal the denial of those claims.

2. ERISA's relationship to state laws is governed by § 514 of the Act. The pertinent subsections of § 514 provide:

   (a) Except as provided in subsection (b) of this section, the provisions of [these subchapters] shall supersede any and all State laws insofar as they ... relate to any employee benefit plan....

   (b)(2)(A) Except as provided in subparagraph (B), nothing in this subchapter shall be construed to exempt or relieve any person from any law of any State which regulates insurance, banking, or securities.

   (d) Nothing in this subchapter shall be construed to alter, amend, modify, invalidate, impair, or supersede any law of the United States....

not preempted. *United States v. McConney*, 728 F.2d 1195 (9th Cir.) (en banc), *cert. denied*, 469 U.S. 824, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984). We reverse.

In *Pilot Life*, the Supreme Court held that state common law causes of action asserting improper processing of a claim are preempted by federal law. The Kannes' claims arising out of delay in payment are claims for improper processing and therefore are preempted. Accordingly, the judgment insofar as it awards compensatory and punitive damages arising out of the claims of delay in payment must be vacated.

Reading of *Pilot Life*, together with *Metropolitan Life*, compels us to conclude that the Kannes' claim that transportation costs are reimbursable under the insurance policy is also preempted. Because the claim "relate[s] to an employee benefit plan," *see Metropolitan Life*, 107 S.Ct. at 1546 (citing section 514(a), 29 U.S.C. § 1144(a)), it is preempted unless it is based on a law that "regulates insurance." Section 514(b)(2)(A), 29 U.S.C. § 1144(b)(2)(A). California's common law of contract interpretation is not "specifically directed toward [the insurance] industry." *See Pilot Life*, 107 S.Ct. at 1554; *see also Metropolitan Life*, 107 S.Ct. at 1547. Nor generally does it effect risk spreading or concern the policy relationship between the insurer and the insured beyond that to which the parties have agreed in the insurance contract. *Id.*, 107 S.Ct. 1548. Accordingly, we conclude that California's common law of contract interpretation is not a law that "regulates insurance," and therefore is not saved from preemption.[3] The

district court's judgment based on the Kannes' claim for transportation costs must also be vacated.[4]

### CONCLUSION

We resubmit this case for decision. We reverse the district court's compensatory and punitive damage awards in favor of the Kannes. We affirm the denial of attorneys fees to the Kannes.

---

3. Because we find that the law on which this claim is based does not regulate insurance, we need not consider whether the claim is in any event preempted because of the deemer clause or because it is based on a law that conflicts with federal law.

4. Finding these claims to be preempted, we do not consider the other issues that Connecticut General has raised on appeal.

The Kannes have appealed the district court's denial of their request for attorneys' fees. The California Code of Civil Procedure, section 1021, states as a general rule that parties shall

bear their own costs of legal representation. *See Brandt v. Superior Court*, 37 Cal.3d 813, 820, 210 Cal.Rptr. 211, 214, 693 P.2d 796 (1985). The general rule may be altered by agreement of the parties. *Id.* Because the contract does not provide for the payment of attorneys fees for claims brought under state law, whether meritorious or not, we affirm this part of the district court's decision.

