28 F.3d 113
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 ROCKY MOUNTAIN HOSPITAL AND MEDICAL SERVICE, doing business
as Blue Cross/Blue Shield of Colorado, Plaintiff-Appellant,
v.
Judith PHILLIPS, Defendant-Appellee.
 No. 93-1456.
 United States Court of Appeals, Tenth Circuit.
 June 30, 1994.
 
 No. 93-1456
 United States Court of Appeals,
Tenth Circuit.
 ORDER AND JUDGMENT[1]
 Before LOGAN, SETH and BARRETT, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 This is an appeal from a district court judgment dismissing for lack of subject matter jurisdiction an action filed by plaintiff Rocky Mountain Hospital and Medical Service (d/b/a Blue Cross/Blue Shield of Colorado) for a declaratory judgment that federal law preempts any state law claim that defendant enrollee, Judith Phillips, may have had for denial of health benefits under the Federal Employees Health Benefits Program.
 
 
 3
 The parties acknowledge that our prior decision in Howard v. Group Hospital Service, 739 F.2d 1508 (10th Cir.1984), is directly in point. We held in Howard, which involved substantially identical facts, that no federal jurisdiction existed. Plaintiff and the Office of Personnel Management, as amicus, ask us to overrule Howard. Of course, no panel of the court can overrule the decision of another panel without in banc review.
 
 
 4
 Plaintiff asserts that Boyle v. United Technologies Corp., 487 U.S. 500 (1988), and Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58 (1987), "significantly change the legal framework in which the lower courts must answer the jurisdictional issue presented here," Brief for Appellant at 19, and permit the panel to revisit this issue. They also recite that other circuits have disagreed with our Howard ruling.
 
 
 5
 We do not agree that the cited Supreme Court decisions are applicable to the situation at bar. Nor does this panel, two members of which were on the Howard panel, find the reasoning of the circuit decisions disagreeing with Howard sufficiently persuasive that the panel should ask for in banc consideration of this issue.
 
 
 6
 We AFFIRM the district court's dismissal for substantially the reasons stated in its Memorandum Opinion and Order of November 2, 1993.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470