**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**

_____

No. 97-2428

_____

| | | |
|---|---|---|
| Franklin Mange, Philip R. Corneli, | * | |
| Keith F. Ball, Darwin L. Kraft, | * | |
| Joseph L. Jost, Herbert M. Emerson, | * | |
| and Delbert C. Scranton, | * | |
| | * | |
| Appellants, | * | Appeal from the United States |
| | * | District Court for the Eastern |
| v. | * | District of Missouri. |
| | * | |
| Petrolite Corporation, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: January 14, 1998

Filed: February 2, 1998

_____

Before BOWMAN and MORRIS SHEPPARD ARNOLD, Circuit Judges, and
JONES,[1] District Judge.

_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

The plaintiffs were employees of Petrolite who accepted either a voluntary retirement program or a voluntary separation program that Petrolite offered in order

_____

[1]The Honorable John B. Jones, United States District Judge for the District of South Dakota, sitting by designation.

to reduce the size of its work force. Employees accepting either of the programs were to receive certain benefits in return for voluntarily leaving the company on October 31, 1994.

Under Petrolite's ordinary vacation policy, an employee earned vacation benefits during one fiscal year that vested at the close of that fiscal year, that is, on October 31, and were available for use during the following fiscal year. The plaintiffs point out that vacation benefits vested on their final day of employment -- October 31, 1994 -- and they maintain that, either under the program that they accepted or under Petrolite's ordinary vacation policy, Petrolite has an obligation to pay them the value of their vested vacation benefits. Petrolite disagrees. The district court[2] granted summary judgment to Petrolite, and the plaintiffs appeal. We affirm.

## I.

The employees originally brought suit to recover the disputed vacation benefits in the Missouri state courts, but Petrolite removed the matter to federal court. The employees argue that the district court lacked subject matter jurisdiction to hear the case. They assert that because the dispute involves an unfunded vacation benefits program provided by Petrolite, it is not covered by federal law. We disagree.

The Employee Retirement Income Security Act ("ERISA"), *see* 29 U.S.C. §§ 1001-1461, governs severance benefits plans even if those plans are not separately funded. *See Holland v. Burlington Industries, Inc.*, 772 F.2d 1140, 1145-46 (4th Cir. 1985), *aff'd sub nom. Brooks v. Burlington Industries, Inc.*, 477 U.S. 901 (1986). ERISA therefore governs the two voluntary termination programs at issue in this case, and beneficiaries seeking to recover benefits owed under the terms of those programs have a cause of action under ERISA, *see* 29 U.S.C. § 1132(a)(1)(B). *See also*

---

[2]The Honorable Stephen Nathaniel Limbaugh, United States District Judge for the Eastern District of Missouri.

*Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 62-63, 66-67 (1987).  Thus the district court had jurisdiction to hear the former employees' claim that they are entitled to the vacation benefits in question under the terms of the programs.  The district court also had supplemental jurisdiction, *see* 28 U.S.C. § 1367(a), to hear the plaintiffs' claim that they were entitled to the vacation benefits in question under Petrolite's ordinary vacation policy.

## II.

Turning to a consideration of the merits of this case, we hold that the plaintiffs' claim that they are entitled to the vacation benefits in question under the relevant programs fails because those programs do not include those vacation benefits.  The Summary Plan Description for each program provides, under the general heading of "Vacation," that employees electing to participate in the plan are to receive payment for earned but unused vacation not taken prior to October 31, 1994.  The vacation for which the employees seek benefits now could not have been taken prior to October 31, 1994, as the relevant benefits would not have vested until that time.  Accordingly, the vacation benefits that would have vested on October 31, 1994, are not included among the benefits provided by Petrolite to its departing employees in its programs.

The plaintiffs' claim that they are entitled to the vacation benefits in question under Petrolite's ordinary vacation policy also fails, because, by accepting either of the programs, the former employees waived any rights that they might have had to bring an action against Petrolite with respect to accrued vacation rights.  The Summary Plan Description for each program states: "If you accept this program, you ... waive any claims you may have against Petrolite related to your employment at Petrolite or your participation in this program."  The program agreements themselves provide that, in exchange for the benefits provided by the programs, the employee "agrees not to commence any lawsuit against the Company and, without any reservation whatsoever, forever releases and waives any claim or liability against the Company arising out of or in any way related to his or her employment with the Company."  Since a claim for

-3-

vacation benefits that accrued to the plaintiffs prior to their separation from Petrolite is one that manifestly arises out of their employment with Petrolite, the plaintiffs have no cause of action to recover any vacation benefits other than those included in the programs.

We therefore conclude that the district court did not err in holding that the employees knowingly and voluntarily released Petrolite from any obligation to pay them for vacation benefits that would have vested on October 31, 1994. Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.