Anne Marie McDONALD and Francis X. McDonald,

v.

Jude DAMIAN, M.D., Damian, Olex & Pacropis, J. Brien Murphy, M.D., Plastic & Reconstructive Surgery Associates, Ltd., Smithkline Beecham Clinical Laboratories, Herbert E. Auerbach, D.O., Abington Memorial Hospital, Keystone Health Plan East, Independence Blue Cross, And Pennsylvania Blue Shield

No. 99 CV 598.

United States District Court, E.D. Pennsylvania.

July 15, 1999.

Barton A. Haines, Law Offices of Barton S. Haines, Bala Cynwyd, PA, for plaintiffs.

James P. Kilcoyne, James Kilcoyne & Associates, Plymouth Meeting, PA, for Jude Damian, M.D., Damian, Olex & Pacropis, defendants.

Richard A. Kolb, White & Williams, LLD, Philadelphia, PA, for Herbert E. Auerbach, D.O., Abington Memorial Hosp., defendants.

Kenwyn M. Dougherty, Post & Schell, P.C., Philadelphia, PA, for J. Brien Murphy, M.D., Plastic and Reconstructive Surgery Associates, Ltd., defendants.

Daniel Witney, Howell, Gately, Whitney & Carter, Towson, MD, for SmithKline Beecham Clinical Laboratories, defendant.

Ruth R. Wessel, Kirsten Hare, Obermayer, Rebmann, Maxwell & Hippel, Philadelphia, PA, for Keystone Health Plan East, Independence Blue Cross, defendants.

James A. Young, K. Tia Burke, Christie, Pabarue, Mortenson and Young, Philadelphia, PA, for Pennsylvania Blue Shield, defendant.

### MEMORANDUM AND ORDER

JOYNER, District Judge.

This civil action has been removed to this court pursuant to 28 U.S.C. §§ 1441

and 1446 on the basis of federal question jurisdiction (preemption by Section 502 of the Employment Retirement Income Security Act of 1974 ("ERISA")). Before the court is the motion of plaintiffs, Anne Marie McDonald ("Anne Marie") and Francis McDonald (collectively "McDonalds") to remand the case to the Court of Common Pleas of Philadelphia County. For the following reasons, the motion will be granted.

## BACKGROUND

On February 14, 1999, the McDonalds' filed suit against defendants Jude Damian, M.D. ("Damian"), Damian, Olex & Pacropis, P.C., J. Brien Murphy, M.D. ("Murphy"), Plastic & Reconstructive Surgery Associates, Ltd., SmithKline Beecham Clinical Laboratories, Herbert E. Auerbach, D.O. ("Auerbach"), Abington Memorial Hospital, Keystone Health Plan East ("Keystone"), Independence Blue Cross, and Pennsylvania Blue Shield. Anne Marie is a subscriber to an employer sponsored employee benefit plan that is serviced by Keystone. Anne Marie's primary care physician was Damian who is a member of Damian, Olex & Pacropis, P.C.

In January 1997, Anne Marie sought treatment from Damian for a back lesion. Damian referred Anne Marie to Murphy, a specialist in plastic and reconstructive surgery, to have the lesion removed. The slides of the lesion were routed to SmithKline Beecham Clinical Laboratories and Abington Memorial Hospital for pathological review. A biopsy revealed to Auerbach that the lesion was benign. No further follow up or treatment was recommended.

In May 1998, Anne Marie noticed a lump under her arm that was later diagnosed as malignant melanoma. Subsequently, an independent pathological review of the January 1997 lesion slides was performed at the University of Pennsylvania and re-

vealed that the lesion was malignant. Anne Marie is now receiving invasive and intensive treatment.

## DISCUSSION

Upon removing the case, the defendants[1] assert that the McDonalds' allegations arise under federal law because they in part seek damages for quantity of benefits due under Anne Marie's employee benefit plan. The McDonalds now move to remand asserting that the complaint does not allege federal claims because it seeks damages for lack of quality in the medical care Anne Marie received, not lack of benefits due under the plan.

### I. *Motion to Remand Standard*

For the purposes of determining removal jurisdiction, a district court's assessment of whether the complaint raises a federal question is generally governed by the well-pleaded complaint rule, which requires that the court consider only allegations in the complaint, not matters raised in defense by the defendant. *Franchise Tax Bd. v. Construction Laborers Vacation Trust,* 463 U.S. 1, 9–12, 103 S.Ct. 2841, 2846–2847, 77 L.Ed.2d 420 (1983), *see also Metropolitan Life Ins. v. Taylor,* 481 U.S. 58, 63, 107 S.Ct. 1542, 1546, 95 L.Ed.2d 55 (1987).

In *Metropolitan Life,* the Supreme Court recognized one corollary to the well-pleaded complaint rule, which provides that "Congress may so completely preempt a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Metropolitan Life,* 481 U.S. at 63–64, 107 S.Ct. at 1546–1547, *accord Franchise Tax Bd.,* 463 U.S. at 23, 103 S.Ct. at 2854. The Supreme Court has determined that § 502(a)(1)(B) of ERISA's civil enforcement provisions falls within the complete preemption exception to the well-pleaded complaint rule.[2] *Metropolitan Life,* 481

---

[1]. The defendants hereinafter refer only to Keystone, Independence Blue Cross, and Pennsylvania Blue Shield.

[2]. Justice Brennan's concurring opinion in *Metropolitan Life,* noted that the Court's holding is a narrow one. *Metropolitan Life,* 481 U.S. at 65, 107 S.Ct. at 1547. The Court

U.S. at 64–65, 107 S.Ct. at 1546–1547. Accordingly, the question at issue is whether removal to federal court is proper because the McDonalds' claims fall within the complete preemption ambit of § 502(a)(1)(B) ERISA.

## II. *ERISA*

In *Joyce v. RJR Nabisco Holdings Corp.*, 126 F.3d 166 (3d Cir.1997), the U.S. Court of Appeals for the Third Circuit distinguished the complete preemption doctrine (section 502(a)(1)(B) of ERISA) from ordinary preemption (section 514(a) of ERISA). *Joyce*, 126 F.3d at 170. The former doctrine is used for jurisdictional purposes where the latter merely constitutes a defense to a state law claim.[3] *Id.* at 170.

Section 502(a)(1)(B) provides that a participant or beneficiary may bring a civil action to recover benefits due him or her under the plan, to enforce his or her rights under the plan, or to clarify his or her rights to future benefits under the plan. 29 U.S.C. § 1132(a)(1)(B). In *Dukes v. U.S. Healthcare*, 57 F.3d 350 (3d Cir.1995), the U.S. Court of Appeals for the Third Circuit determined that § 502(a)(1)(B) preempts only state law claims that allege a lack of quantity in services provided that membership in an ERISA plan entitles the participant to have such services. *Id.* at 356. State law claims that merely attack the quality of the benefits participants received are not preempted. *Id.* at 356.

Since *Dukes*, the courts have narrowed their scope of review concerning claims allegedly premised on ERISA. Courts examine whether a plaintiff states a claim that attacks an administrative decision to deny benefits (referred to as the HMO's utilization role) or a medical decision to deny treatment to a patient (referred to as the HMO's arranging for medical treatment). *Kampmeier v. Sacred Heart Hospital*, No. 95–7816, 1996 WL 220979, at *2 (E.D.Pa. May 2, 1996), *accord Hoose v. Jefferson Home Health Care, Inc.*, No. 97–7568, 1998 WL 114492, *3 (E.D.Pa. Feb.6, 1998). *See also DeLucia v. St. Luke's Hospital*, No. 98–6446, 1999 WL 387211, *5 (E.D.Pa. May 25, 1999)(remanding case because plaintiffs did not allege that Aetna denied a request for a breathing monitor, nor did they allege either the patient's condition met the plan's criterion for a breathing monitor, or even that it was covered under the plan); *Snow v. Burden*, No. 99–1874, 1999 WL 387196, *5 (E.D.Pa. May 6, 1999)(remanding case because plaintiff solely complained about inadequate medical treatment and Keystone should be held liable for its role, under agency and negligence principles).

In opposing the McDonalds' motion to remand, the defendants specifically focus on the following allegations:

1) The failure of the defendants to refer the patient to an oncologist, a dermatologist, a specialist in pigmented lesions, and a dermatopathologist (Complaint ¶¶ 55(f)(g)(h), 65(f)(g)(h), 71(n)(o)(p), 81(n)(o)(p));

2) The failure of the defendants to have slides sent to a medical facility that had proper pathological facilities, equipment, techniques, and trained personnel, and failure to recommend that the slides be reviewed by a dermatologist or dermatopathologist spe-

focuses on the intent of Congress to make the plaintiff's cause of action removable to federal court. *Id.* at 65, 107 S.Ct. at 1547. Justice Brennan cautioned that the *Metropolitan Life* decision should not be interpreted as adopting a broad rule, the holding instructs federal courts that removal jurisdiction exists only when Congress has clearly manifested an intent to make causes of action removable. *Id.* at 67, 107 S.Ct. at 1548.

3. Section 514(a) is not implicated here because it addresses the defendants defense claims to the McDonalds' allegations. We have, therefore, determined that the defendants' motion to dismiss, which addresses section 514 defenses, is not relevant to the issue presented by the McDonalds' motion to remand because the defenses are not relevant to the jurisdictional claims represented herein.

cializing in pigmented lesions (Complaint ¶¶ 101(f)(g) and 114(f)(g));

3) The failure of the defendants to ensure that their physicians, specialists and facilities, satisfied qualification criteria that the defendants represented to the McDonalds would be provided, such as the McDonalds would receive high quality, medically needed care, knowing that the McDonalds would rely upon this information in their selection of an HMO (Complaint ¶¶ 126 and 127); and

4) The failure of defendants to disclose to the McDonalds the financial arrangements, contracts, dictates and incentives between Keystone and it's approved providers and facilities, failure to formulate, adopt and enforce adequate rules and policies to ensure quality control care for the McDonalds, failure to perform any postincident quality assurance review of this matter, and failure to see that their own policies regarding medical standards of care were reasonably implemented (Complaint ¶¶ 136(c)(d)(e), and 137).

The defendants construe these allegations as representing claims for quantity and not quality of benefits due under the plan.

The defendants rely on *Huss v. Green Springs Health Services Inc.,* No. 98–6055, 1999 WL 225885 (E.D.Pa. April 16, 1999) because the court looked beyond plaintiff's characterization of her claims to the substance stating, *"Dukes* may not be evaded by artful pleading." *Huss,* 1999 WL 225885 at *8 (quoting *Howard v. Sasson,* No. 95–0068, 1995 WL 581960 at *3 (E.D.Pa. Oct.3, 1995)). In *Huss,* the court concluded removal of plaintiff's medical malpractice claim was proper because her allegations that defendant was negligent for erroneously informing her that no one in the family was enrolled in the plan was really a denial of plan benefits. *Huss,* 1999 WL 225885 at *8. Like *Huss,* defendants contend that the McDonalds have carefully crafted their argument to avoid

federal preemption and their claims fall under the scope of § 502(a)(1)(B). We do not agree.

The *Huss* case is distinguishable. The substance of the underlying claim in this case is medical malpractice for inadequacies in the delivery of medical services, that is, claims about the quality of a benefit received. *See Dukes v. U.S. Healthcare,* 57 F.3d 350, 357 (3d Cir.1995). In *Dukes,* the Third Circuit was presented with the consolidated appeals of two district court decisions that denied the plaintiffs' motion to remand. Instead of claiming that the health plans in any way withheld some quantum of plan benefits due, both plaintiffs' complained about the low quality of medical treatment that they actually received and argued that U.S. Healthcare should be held liable under agency and negligence principles. *Dukes,* 57 F.3d at 356–57.

Like the plaintiffs in *Dukes,* the McDonalds allege the care Anne Marie received by her physicians was inadequate and negligent and the managed care defendants should be liable under agency and negligence principles. Anne Marie is asserting that she received a benefit under the plan—i.e. her physicians' care, and that this benefit was inadequate to treat her condition. Unlike *Huss,* the substance of the McDonalds' claims is not that Anne Marie's health plan failed to provide a service such as specialist care, but the service provided and decisions made by her physicians constitute medical malpractice and the defendants are liable for arranging the care received.

The decisions of *DeLucia v. St. Luke's Hospital,* No. 98–6446, 1999 WL 387211 (E.D.Pa. May 25, 1999) and *Snow v. Burden,* No. 99–1874, 1999 WL 387196 (E.D.Pa. May 6, 1999) further demonstrate when a claim is about the quality of a benefit received and not a claim under § 502(a)(1)(B) of ERISA. In both cases, the plaintiffs' were attempting to hold the HMO defendants liable for their role as

arrangers of their medical treatment. The *DeLucia* court found that plaintiff's allegation that the HMO defendant "adopted and/or enforced rules, regulations and procedures that established disincentives to doctors" does not allege that the policy denied them any benefit due under the terms of the plan. *DeLucia*, 1999 WL 387211 at *4. The court held that plaintiff's complaint alleged that Aetna's disincentive policy had the effect of discouraging doctors from "providing complete and proper care under the circumstances," and is properly construed as a challenge to the quality of medical care provided. *Id.*

Likewise, the *Snow* court found that the plaintiff's allegations that defendants failed to provide complete diagnostic work, select and retain only competent physicians as primary care physicians, oversee and supervise physicians and control referrals to other specialists are properly construed as challenges to quality of benefits received. *Snow*, 1999 WL 387196 at *4. In the instant case, like *DeLucia* and *Snow*, the McDonalds are attempting to hold the defendants liable for the conduct of the physicians that treated Anne Marie because of its failure to ensure that complete and proper care was given to her, its failure to oversee and supervise her primary care physicians, and its failure to control referrals to other specialists.

The defendants, however, argue that the McDonalds' claims allege its failure to provide specialist care under the terms of the plan. On the contrary, the McDonalds' complaint on its face alleges that the participating physicians and health care facilities providing Anne Marie with initial care were negligent, that is, they failed to diagnosis, refer and treat correctly a malignant lesion, and the defendants should be held liable for its role, under agency and negligence theories, in arranging for inadequate treatment. There is no allegation that the defendants or any of the other defendants who treated Anne Marie refused to treat her or rendered improper care because of a refusal to pay by the defendants.

## CONCLUSION

For the reasons stated above, the Mc-Donalds' motion to remand will be granted. The defendants' motion to dismiss is moot.

An appropriate order follows.

### *ORDER*

AND NOW, this day of July, 1999, upon consideration of Plaintiffs' Motion to Remand and Defendants' responses thereto, it is hereby ORDERED that:

1. Plaintiffs' Motion to Remand is GRANTED.

2. Defendants' Motion to Dismiss is MOOT.