Gregory ADAMS; Thomas J. Boggs; Barry L. Carmical; Joe Combs; Glenn W. Cornett; Mike Creech; Ronnie W. Dudash; Roger E. Ellis; Clifton D. Fox; Donald Massey, Sr.; Jacqualine D. McIntosh; William M. Miller; Denver W. Powers; Francis Sexton; Thomas Soltess; James C. Stephens; Murl Thomas; Roscoe Young, Plaintiffs–Appellants,

v.

APOGEE COAL COMPANY; Arch Coal Inc.; Bituminous Coal Operators Association; United Mine Workers of America, Defendants–Appellees.

No. 03–5443.

United States Court of Appeals, Sixth Circuit.

Jan. 27, 2004.

Otis Doan, Jr., Joseph S. Lisenbee, Harlan, KY, for Plaintiffs–Appellants.

Catherine S. Wright, Frost, Brown & Todd, Bruce E. Cryder, Greenebaum, Doll & McDonald, Lexington, KY, Michael W. Hawkins, Dinsmore & Shohl, Cincinnati, OH, Thomas P. Gies, Crowell & Moring, Robert C. Farley, Stanley F. Lechner, Morgan, Lewis & Bockiusv, Washington, DC, Deborah Stern, United Mine Workers of America, Fairfax, VA, James R. Hampton, Hazard, KY, for Defendants–Appellees.

Before NELSON, GILMAN, and ROGERS, Circuit Judges.

## ORDER

These eighteen former coal miners appeal through counsel a district court order dismissing their complaint that purported to raise a state tort claim of outrage, but was removed to federal court as preempted by section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185, and the Employee Retirement Income Security Act (ERISA), and ultimately dismissed for failure to state a claim. Defendants have waived oral argument, and plaintiffs' counsel failed to respond to the court's request to show cause why oral argument would be necessary. This panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

Plaintiffs filed their complaint in Kentucky circuit court.· They alleged that they had been laid off in September 1997, with over twenty years of employment in coal mining, but were not eligible for early retirement because they were less than fifty-five years old. In December 1997, the United Mine Workers of America (the union) negotiated a new collective bargaining agreement which would allow miners laid off in the future to obtain early retirement where they had twenty years of employment, regardless of their age. The union sent a letter to its members urging them to vote for the new agreement. Plaintiffs alleged that the letter represented that they would be eligible for early retirement if the agreement were ratified. A group of miners with at least twenty years of seniority but younger than fifty-five was also laid off in December, after the agreement had been reached but before its effective date of January 1, 1998. Those miners were temporarily recalled in 1998 and then laid off so that they could take early retirement. No such opportunity was given to plaintiffs. Plaintiffs alleged that defendants' conduct as described above stated a claim of outrage.

Defendants removed the complaint to the district court. Plaintiffs did not move for a remand, but in responding to defendants' subsequent motions to dismiss the complaint for failure to state a claim, argued that the complaint should be remanded. The district court found that the complaint was properly removed as preempted by the LMRA and ERISA, and dismissed it for failure to state a claim under those statutes. The court held in addition that the LMRA claim would be barred by the statute of limitations and for failure to exhaust administrative remedies. Plaintiffs' motion for reconsideration was subsequently denied. In responding to the motions to dismiss and in moving for reconsideration, plaintiffs also argued that they had asserted state-law torts of fraud and breach of contract, but they never moved to amend their complaint to assert such claims. In any event, those alleged claims would be subject to the same analysis as the outrage claim that was asserted.

On appeal, plaintiffs do not take issue with the district court's ruling that the complaint did not state a claim under the LMRA or ERISA. However, they argue that the complaint should have been remanded to the state circuit court.

The standard of review of a removal decision is de novo. *Peters v. Lincoln Elec. Co.*, 285 F.3d 456, 465 (6th Cir.2002). Plaintiffs argue that, under the well-pleaded complaint rule, they are the masters of the complaint and can avoid removal by opting to assert only a state-law claim. This argument overlooks the Supreme Court's holding that the well-pleaded complaint rule is inapplicable in cases where the claims asserted are completely preempted, such as in claims arising under the LMRA and ERISA. *Metropolitan*

*Life Ins. Co. v. Taylor,* 481 U.S. 58, 63–67, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987).

■ The district court properly concluded that the complaint in this case essentially raised a claim that the union had failed to represent plaintiffs fairly when it allegedly misled them to believe that they would be eligible for early retirement if the 1998 collective bargaining agreement were ratified. When a plaintiff invokes a right created by a collective bargaining agreement, he has chosen to plead a federal claim under the LMRA, and the defendants may opt to remove the case to federal court. *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 399, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). This court has also held that a fraud claim was preempted by the LMRA where the collective bargaining agreement created the right claimed by the plaintiff. *Terwilliger v. Greyhound Lines, Inc.,* 882 F.2d 1033, 1038 (6th Cir. 1989).

■ Plaintiffs' claim against the remaining defendants was properly construed by the district court as a claim of denial of benefits under a retirement benefit plan, and was therefore completely preempted by ERISA. *Cf. Smith v. Provident Bank,* 170 F.3d 609, 613–16 (6th Cir.1999) (claims of breach of fiduciary duty); *Tassinare v. American Nat'l Ins. Co.,* 32 F.3d 220, 224–25 (6th Cir.1994) (intentional infliction of emotional distress claim arising out of failure to make contributions to retirement benefit plan preempted).

Because the complaint was properly removed as completely preempted by the LMRA and ERISA, and plaintiffs do not contest the district court's conclusion that they failed to state a claim under either of those statutes, the district court's order is affirmed.