RYAN, Circuit Judge,
concurring.
I agree that the Fines bear no fiduciary responsibility with respect to the plan because they did not exercise “any discretionary authority or discretionary control respecting management of such plan” or “any authority or control respecting management or disposition of its assets.” See 29 U.S.C. § 1002(21)(A). The record shows that PHP exercised control over plan assets, and therefore, it had a fiduciary duty to plan participants to the extent that it exercised such control. See id.; Smith v. Provident Bank, 170 F.3d 609, 613 (6th Cir.1999).
I also agree that the plaintiffs’ state law tort claim against the Fines for failure to disclose to the plaintiff employees the desperate financial condition of the company is not preempted by ERISA because the Fines may have had a duty to disclose that information independent of ERISA and the terms of the plan, and therefore, failure to disclose that information may constitute a state law tort irrespective of the ERISA plan. See Marks v. Newcourt Credit Group, Inc., 342 F.3d 444, 453 (6th Cir .2003).
*502 Finally, the district court erred when it dismissed without prejudice the plaintiffs’ other state law claims. The court had original jurisdiction over those claims because they are preempted by ERISA § 514(a), 29 U.S.C. § 1144(a), and they could have been brought under ERISA § 502(a), 29 U.S.C. § 1132(a). See Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 66, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987).
I write separately only because my brother’s very scholarly opinion says a good deal more than I wish to say.