BEAM, Circuit Judge,
dissenting.
In reviewing and reversing the well-reasoned judgment of the district court, the court contends that there cannot be complete preemption, and thus federal court removal jurisdiction, unless the preempting federal legislation provides “a replacement federal right of action which supersede[s] the state law claim.” Ante at 250. In support of its reasoning, the court relies upon First Nat’l Bank v. Aberdeen Nat’l Bank, 627 F.2d 843, 853 (8th Cir.1980) (en banc) and Thomas v. U.S. Bank Nat’l Ass’n ND, 575 F.3d 794, 797 (8th Cir.2009) (holding that preemption is proper where a federal statute completely displaces state law and it is clear Congress meant the federal statute to be the exclusive cause of action for the type of claim asserted). I disagree with this untoward conclusion, both as a matter of policy and as a correct analysis of applicable precedent.
First the policy. Complete preemption (sometimes labeled field preemption) applies where a federal statute “so completely preempts] a particular area that any civil complaint raising [a] select group of claims is necessarily federal.” Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 63, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). Indeed, where a federal law completely occupies the field of regulation so that by implication there is no room for state regulation and the coexistence of federal and state regulation is not possible there is “complete preemption.” Beneficial Nat’l Bank v. Anderson, 539 U.S. 1, 8, 123 S.Ct. 2058, 156 L.Ed.2d 1 (2003). And, congressional intent is the “ultimate touchstone” in the preemption analysis. Gaming Corp. of Am. v. Dorsey & Whitney, 88 F.3d 536, 544 (8th Cir.1996) (quotation omitted). Such are the exact circumstances at work in this case.
Second, this circuit’s precedent both before and after Beneficial and after this court’s decision in Gaming Corp. does not require a definitive statutory formulation of a private cause of action prior to the occurrence of complete preemption, although Congress does so provide on occasion. See Beneficial, 539 U.S. at 8, 123 S.Ct. 2058 (describing ERISA and LMRA as examples of federal statutes that completely preempt state law and provide “the exclusive cause of action for the claim asserted and also set forth procedures and remedies governing that cause of action”). Thomas simply overstates the holding in Beneficial and cannot be squared with earlier precedent of this circuit set forth in Lundeen v. Canadian Pac. Ry. Co., 447 F.3d 606 (8th Cir.2006), vacated on other grounds by 532 F.3d 682 (8th Cir.2008).
The statute at issue here exemplifies these principles. The federal Petroleum Marketing Practices Act (PMPA) regulates the testing and disclosure of motor fuel octane. 15 U.S.C. §§ 2821-2824. The PMPA is divided into three subchapters. Subchapter I addresses the petroleum franchise relationship. Subchapter II addresses the testing, certification, labeling and disclosure of a gasoline’s octane rating. Subchapter III addresses the subsidization of motor fuel marketing. Sub-chapter II is the relevant section of the PMPA for purposes of Johnson’s claim in this case.
The PMPA requires the Federal Trade Commission (FTC) to adopt rules to regulate octane disclosures. 16 C.F.R. § 306.0 et seq. The FTC has implemented a regulation requiring retailers to “post the automotive fuel rating of all automotive fuel [they] sell to consumers.” Id. § 306.10(a). *255 This rule also contains detailed requirements for labeling or marketing a gasoline’s octane or fuel rating, dictating the color, dimensions, and font for all labels. Id. § 306.12. In addition, the regulation provides that “[n]o marks or information other than that called for by this rule may appear on the labels.” Id. § 306.12(d). The regulations apply to single-hose blender pumps, like the pumps at issue in this litigation. Id. § 306.10. Subchapter II of the PMPA contains preemption provisions, preempting different or additional state requirements that are not “the same as” federal requirements. 15 U.S.C. § 2824(a).
Citing Beneficial, the court claims that because the PMPA does not have a civil enforcement scheme, it cannot completely preempt state law. Ante at 250. But, Beneficial did not hold that federal statutes without a private enforcement scheme can never preempt state law. And, as earlier noted, Lundeen, rejects this proposition.
I agree with the district court that this claim is substantively the same as Alvarez v. Chevron Corp., 656 F.3d 925 (9th Cir.2011). In that case, plaintiffs brought a putative class action alleging that defendant gas stations failed to deliver 100 percent of the fuel at the octane rating advertised when plaintiffs purchased fuel at a higher octane rating than the previous customer at a single-nozzle pump. As such, premium grade purchasers argued that they were overcharged when the prior customer had purchased mid-range or regular grade fuel and sought monetary damages in addition to the development of a more accurate dispenser and pricing technology. The Alvarez plaintiffs based their case on a variety of state common law claims in addition to statutory claims under California consumer statutes. The Alvarez plaintiffs argued that they were not requesting any modification of the octane rating labels but rather sought additional disclosures regarding the “residual fuel” issue. The district court dismissed plaintiffs’ complaint, holding that it was preempted by the PMPA. The Ninth Circuit affirmed, noting that the PMPA contains a “broad preemption against state and local laws and regulations addressing any acts or omissions covered by the PMPA.” Id. at 934. The court explained that the disclosure remedy sought was designed to warn customers at the point of sale that the grade of fuel they purchased may or may not actually be delivered, regardless of its posted fuel grade. This notice would have had the effect of challenging the accuracy and undermining the uniformity of federal octane labeling regulations promulgated by the FTC. Id. at 935. The court further noted that “[t]o the extent Plaintiffs’ other statutory claims seek relief that would require a corrective disclosure at the point of sale, we conclude that they are also preempted by federal law.” Id. at 935 n. 11.
Johnson’s claims are not meaningfully distinguishable from the ones asserted in Alvarez. Accordingly, following Lundeen, Alvarez and Beneficial, I would reject the idea that Congress can never effect complete preemption unless it first creates a specifically formulated federal private cause of action. I dissent.