Patricia A. CASSEL, Plaintiff,

v.

WEBCO INDUSTRIES, INC., Defendant.

No. 96–CV–582–H.

United States District Court, N.D. Oklahoma.

Oct. 10, 1996.

**1410**

Will K. Wright, Jr., Claremore, OK, Michael T. Welsh, Broken Arrow, OK, for plaintiff.

David E. Strecker, Strecker & Kirkland, P.C., Tulsa, OK, for defendant.

### ORDER

HOLMES, District Judge.

This matter comes before the Court on Defendant's Notice of Removal (Docket # 1), Defendant's Combined Motion to Dismiss and Brief in Support (Docket # 2) and Plaintiff's Reply to Defendant's Motion to Dismiss and Brief in Support (Docket # 4).[1] The Court heard argument from the parties on August 15, 1996.

I.

Plaintiff originally filed this lawsuit in the District Court of Tulsa County alleging two causes of action: (1) common law wrongful termination in retaliation for plaintiff exercising her legal rights, and (2) retaliation in violation of Okla.Stat.Title 25 § 1601(1).[2] Plaintiff alleges that she was terminated in retaliation for "protect[ing] her rights by filing in good faith with the Defendant's human resource department an internal sexual harassment complaint alleging and opposing unlawful and sexually offensive conduct directed at Plaintiff by two WEBCO employees." Plaintiff's Petition at ¶¶ 8–11. Although Plaintiff's state court petition does not allege a cause of action under federal law, Defendant seeks to remove this action to this Court on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331. Defendant argues that Plaintiff "implies that her claims are actually asserted under the laws of the United States, specifically Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, and that Plaintiff's assertion of invalid state law claims appear to be made in an obstructionist attempt to avoid removal." Notice of Removal ¶ 5.

When considering federal question jurisdiction, the general rule is "that a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 63, 107 S.Ct. 1542, 1546, 95 L.Ed.2d 55 (1987). In certain limited circumstances, however, "[a] complaint which appears to be grounded solely in state law actually may be federal in nature, and thus removable.... [T]his exception to the well-pleaded complaint rule is necessarily a narrow one." *In re Agent Orange Product Liability Litigation,* 996 F.2d 1425, 1430–31 (2d Cir.1983), *cert. denied,* 510 U.S. 1140, 114 S.Ct. 1125, 127 L.Ed.2d 434 (1994); *see Hunneman Real Estate v. Eastern Middlesex Ass'n of Realtors, Inc.,* 860 F.Supp. 906,

---

1. While styled a reply to Defendant's motion to dismiss, Plaintiff appears to be opposing removal and moving for a remand to state court. Accordingly, the Court deems this pleading to be a motion for remand.

2. Defendant asserts that there is no private cause of action available to Plaintiff under Okla.Stat. Tit. 25 § 1601(1), and Plaintiff did not contest this assertion before the Court on August 15, 1996. Therefore, for the purposes of this Order, the only issue involves Plaintiff's common law tort claim.

909 (D.Mass.1994); 14A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure: Jurisdiction 2d* § 3722 ("Generally the federal law is apparent on the face of the complaint; but sometimes the plaintiff will characterize his necessarily federal cause of action solely in state law terms. In these situations the federal removal court will look beyond the letter of the complaint to the substance of the claim in order to assert jurisdiction."). Therefore, in the proper case, the Court may deem a federal question to exist despite the lack of any direct assertion of a violation of federal law in the original pleading filed in state court.[3] The proper case, however, exists only where it is not possible to bring the action asserted by the Plaintiff in state court. *Cf. Bartholet v. Reishauer A.G. (Zurich)*, 953 F.2d 1073, 1075 (7th Cir.1992) (holding a state court complaint alleging a common law breach of contract action to be in fact a claim under ERISA and thus removable as a federal question); *Vantine v. Elkhart Brass Mfg. Co., Inc.*, 762 F.2d 511, 517 (7th Cir.1985) (holding a state court tort action for retaliatory discharge removable because it arose under § 301 of the Labor Management Relations Act rather than Illinois state law); *Hunneman Real Estate*, 860 F.Supp. at 910 (remanding a case where plaintiff had a valid cause of action under state antitrust law).

■ Plaintiff asserts a state law claim for wrongful discharge in violation of public policy. Thus, to deem federal question jurisdiction, the Court must first determine whether the holding in *List v. Anchor Paint Mfg. Co.*, 910 P.2d 1011 (Okl.1996), eliminates such a claim under the particular facts present

here.[4] In *List*, the Supreme Court of Oklahoma refused to extend the public policy exception to the at-will employment doctrine to a claimant who otherwise could pursue a comprehensive remedy under a federal anti-discrimination statute. *See id.* at 1014 ("We need not extend the narrow *Burk [v. K–Mart Corp.,]* [770 P.2d 24] [(Okla.1989)] exception to the at-will termination rule to age discrimination claims. Mr. List has adequate remedies for age discrimination under statute.").

In the present case, Plaintiff alleges her termination was "an intentional act of retaliation by Defendant" in response to Plaintiff's filing of a "sexual harassment complaint alleging and opposing unlawful and sexually offensive conduct directed at Plaintiff by two WEBCO employees." Plaintiff's Petition at 2. These allegations clearly state a cause of action under Title VII. The question for the Court, therefore, is whether the reasoning in *List*, which relied on the remedies set forth in the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621 *et seq*, is equally applicable in this case, where Plaintiff's federal remedies are set forth in Title VII.[5]

A federal court has an obligation to determine what it believes state law would be if the question were squarely presented. *See Farmers Alliance Mutual Ins. Co. v. Salazar*, 77 F.3d 1291, 1294 (10th Cir.1996). In meeting this obligation, the Court is guided by the unequivocal conclusion in *List*, that "[w]e answer no to the question asked because plaintiff has a statutory cause of action for wrongful discharge, which we hold to be the exclusive remedy." *List*, 910 P.2d at 1013. The *List* court supports this conclusion with an analysis of the comprehensive

---

3. In some cases, courts have deemed a federal question to exist as a result of "artful pleading" by the Plaintiff. *See Patriot Cinemas, Inc. v. General Cinema Corp.*, 834 F.2d 208, 209 n. 1 (1st Cir.1987). The Court finds nothing in Plaintiff's pleadings to indicate any "artful" or bad faith attempt to avoid federal jurisdiction.

4. In *List*, the United States District Court for the Northern District of Oklahoma certified the following question to the Oklahoma Supreme Court pursuant to the Oklahoma Uniform Certificate of Questions of State Law Act, 20 O.S. 1991 §§ 1601, *et seq.*: "Does Oklahoma recognize a claim for wrongful discharge in violation of public policy predicated upon conduct by an employ-

er which the employee claims resulted in constructive discharge of that employee?" *List*, 910 P.2d at 1012.

5. The *List* court found that under these circumstances it is necessary for "state and federal [law] to be interpreted together to decide what an employee's rights are under state law." 910 P.2d at 1014. If the total remedies provided by statute are "significantly inferior" to those afforded by a common law tort action, then the public policy exception should obtain. *Id.* (comparing the remedies available to the plaintiff in *List* to those available to the plaintiff in *Tate v. Browning–Ferris*, 833 P.2d 1218 (Okl.1992)).

remedies available under the ADEA which ensured that the Plaintiff was protected under the law from the discrimination alleged in that case. This conclusion and analysis applies equally to wrongful discharge cases that could be brought pursuant to Title VII, because the remedies available under Title VII are identical to those afforded by the ADEA. Accordingly, the Court concludes that *List* applies to the instant action for retaliation, and under the facts present here, the comprehensive remedies available to Plaintiff under Title VII militate against extending the public policy exception to the at-will employment doctrine to this case. As a result, applying the authorities cited above, the Court deems federal question jurisdiction to be proper in this matter.

Plaintiff argues that *List* does not extend to the case at bar because her discharge resulted from her "conduct" rather than from her "status." In particular, Plaintiff asserts that she was terminated because she reported alleged sexual harassment to her employer and that such reporting was "conduct" and therefore not covered by *List. See List*, 910 P.2d at 1014–15 (stating that "Mr. List has adequate statutory remedies, and his claim is not based on retaliation for anything that he did. Instead, Mr. List's claim is based solely on his status"). The Court rejects this argument. The *List* court stated that the basis for its decision was "because plaintiff has a statutory cause of action for wrongful discharge...." *Id.* at 1013. In the instant case, the gravamen of Plaintiff's claim is for sexual discrimination in the workplace, expressly cognizable under Title VII. This fact is not changed simply by characterizing her claims as based on her "conduct" rather than her "status." Indeed, to accept this distinction under the facts present here would create confusion and lead to artful pleading and forum shopping, evils the *List* court intended to forestall.[6]

Based on the above, Plaintiff deemed motion to remand (Docket # 4) is hereby denied. Pursuant to the status hearing on August 15, 1996 Plaintiff has filed an amended complaint reflecting the Court's decision to deem a federal question in this matter. Thus, Defendant's first motion to dismiss (Docket # 2) is moot.

IT IS SO ORDERED.

---

6. The Court notes that distinguishing between "status" and "conduct" in discrimination cases, as suggested by Plaintiff, could lead to highly problematic results. As one commentator has stated

[t]he problem with a "status" versus "conduct" distinction is that there is no sound basis for attributing a greater public policy protec-

tion to "conduct" than to "status." Such a distinction would, for example, give a remedy to a person fired for opposing racial discrimination by his employer while offering no remedy to the actual victims of the discrimination. *See* Mark Hammons, *The Evolution of Oklahoma's Tort of Wrongful Termination*, 67 Oklahoma Bar Journal 2871, 2875 (1996).