Ana H. VAZQUEZ, M.D., Plaintiff,

v.

THE PAUL REVERE LIFE INSURANCE COMPANY, Defendant.

No. CIV.A.2:01 CV 620.

United States District Court, E.D. Virginia, Norfolk Division.

Nov. 2, 2001.

---

728

David J. Pierce, Pierce & Thornton PLC, Norfolk, VA, Counsel to Plaintiff Ana H. Vazquez, M.D.

David E. Constine and Richard F. Hawkins, III, Troutman Sanders Mays & Valentine, L.L.P., Richmond, VA, Counsel to Defendant The Paul Revere Life Ins. Co.

## ORDER

DOUMAR, District Judge.

On or about July 11, 2001, Plaintiff Ana H. Vazquez, M.D. ("Vazquez") filed the present action in the Circuit Court for the City of Virginia Beach. The Defendant, The Paul Revere Life Insurance Company ("Paul Revere") filed a Notice of Removal on August 17, 2001. On August 29, 2001, Plaintiff filed a Motion to Remand the action to the Circuit Court of the City Virginia Beach. On September 24, 2001, Paul Revere filed a Motion for Leave to File a Supplemental Response and was granted permission to file its Opposition to Plaintiff's Motion for Remand. On September 28, 2001, by agreed order of October 2, 2001, Plaintiff filed a Rebuttal to Defendant's Opposition to Plaintiff's Motion for Remand. Finally, on October 4, 2001 by leave of the Court, the Defendant filed its Surrebuttal in Opposition to Plaintiff's Motion for Remand because the Plaintiff's September 28, 2001 Rebuttal had raised arguments that the Defendant had not had the opportunity to address.

The Court held a hearing on the Motion to Remand on 23, 2001. The parties had previously briefed the issues and prepared sworn declarations from relevant witnesses. At the hearing, the Court accepted the previously prepared declarations of the parties and heard the *ore tenus* testimony of C. Bruce McCaskill, Jr. ("McCaskill"). McCaskill's testimony provided new facts and circumstances which were neither briefed in the memoranda presented to the Court nor mentioned in any previously prepared sworn declarations. Due to the new information, the Court declined to issue a ruling at that time. The Court indicated what it felt to be the law and its probable ruling on the matter and allowed counsel until 12:00 Noon on Friday October 26, 2001 to file a maximum of three (3) case citations which they felt were appro-

priate and nothing more. The parties were not to submit any additional information of any sort.

On October 24, Plaintiff filed a Motion entitled Motion to Submit Additional Affidavits Clarifying Testimony of C. Bruce McCaskill, Jr. McCaskill had testified at the hearing. Without the Court's permission, and against its prior admonition, Plaintiff filed a Supplemental Declaration of Joyce Von Lindern and a Supplemental Declaration of C. Bruce McCaskill with a copy of Tidewater Healthcare's Employee Benefit Enrollment Guide attached as an exhibit on October 26, 2001. Obviously the Plaintiff's attorney ignored the Court's admonitions, and accordingly the Court issued an Order on October 31, 2001 that all declarations and exhibits received from Plaintiff, and all subsequently received declarations and exhibits received from either party were to be returned unfiled and stricken from the record.

On October 26, 2001, the Defendant filed an objection to Plaintiff's Motion to Submit Additional Affidavits clarifying Testimony of C. Bruce McCaskill. The Defendant also referenced two cases which the Court has reviewed. The evidentiary record was closed as of Tuesday, October 23, 2001, and Plaintiff may not attempt to change the evidence before the Court at this late date. This Court, for the reasons set forth below, DENIES the Plaintiff's Motion to Remand.

## I. *Factual Background*

The Motion for Judgment, filed by the Plaintiff in the Circuit Court of the City of Virginia Beach, sought benefits and future rights under Disability Insurance Policy number 01027280810 ("the policy"). The Plaintiff purchased the policy from Paul Revere on or about June 15, 1995 in connection with her employment with Tidewater Health Care ("Tidewater"). On September 11, 1996, Plaintiff suffered a significant left hemispheric stroke which resulted in physical disabilities, most notably a neurocognitive disorder that left her unable to return to full time employment as a family practice physician. Plaintiff alleges that she suffered at least a twenty (20) percent loss of earnings from her stroke, and that this loss qualified her for residual disability benefits until the age of 65 under the policy. Plaintiff further claims that she initially received disability payments, but that those payments were subsequently terminated by Paul Revere, and that company refused to resume payment or make future payment. Plaintiff contends that Defendant's actions, termination of benefits, refusal to reinstate benefits, and refusal to pay future benefits, constitute a breach of the agreed policy and a breach of contract actionable under state law.

Paul Revere filed a Notice of Removal with this Court pursuant to 28 U.S.C. §§ 1331, 1441, and 1446. The Defendant claims that Federal Question Jurisdiction arises pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, *et seq.* and 1132, *et seq.* Defendant claims that this Court has original jurisdiction over the controversy between Vazquez and Paul Revere since Plaintiff's claim arises out of and seeks benefits under an employee welfare benefit plan which is governed exclusively by ERISA. Thus, Defendant claims, Plaintiff's state law breach of contact claims and her request for declaratory relief are preempted by ERISA, and her remedy, if any, lies exclusively within the civil enforcement scheme of ERISA. Plaintiff counters that since she personally paid for the policy without monetary contributions from Tidewater, the policy does not qualify as an employee benefit plan under ERISA. Thus, Plaintiff claims that this is merely a breach of contract claim that can be settled under state law.

The details of the policy that Plaintiff chose, and a description of Tidewater's employee benefit scheme, are crucial to the analysis of this case, and determine whether the plan is governed by ERISA. At the relevant time, Tidewater employed a Flexible Benefits Plan ("Flex Plan") under which all Tidewater employees were given a choice of options for long-term disability coverage. There were four long term disability plans labeled Option A, Option B, Option C, and Option D. Coverage under Options A, B, and C was provided by Provident Life Insurance Company. Employees who chose Option A, B, or C were able to use a portion of their Flex Plan benefit credits, thus pre-tax dollars gained by virtue of participation in Tidewater's employee benefit scheme, to purchase these options, which would provide 50% of pay, up to a certain yearly maximum, in the event of long term disability. Option D was intended to be used by physicians and executives with higher yearly incomes as a supplemental "wrap policy" that would provide highly paid individuals with 50% of their pay benefits beyond that of Options A, B, and C. In other words, Option D would provide supplemental coverage for highly paid individuals, whose yearly income exceeded that covered by Options A–C, beyond what Options A–C could offer.

Option D coverage was provided by the Paul Revere Insurance Company ("Paul Revere"). Employees who chose Option D paid for the policy with after tax dollars. Paul Revere was chosen by the Board of Directors of Tidewater after an investigation and comparison of several companies by Bruce McCaskill, the Corporate Director of Benefits and Deferred Compensation for Tidewater at the relevant time. McCaskill stated at the October 23, 2001 hearing that he and his team reviewed "a few" plans and after careful comparison decided to recommend Paul Revere to the Board of Directors. McCaskill stated that the Paul Revere policy was the best policy based on both cost to the individual, and services provided.

The Paul Revere long term disability policy was the only policy available to employees who chose Option D. Although several companies were capable of providing comparable benefits for highly paid employees, Tidewater chose Paul Revere as the exclusive provider because it had the lowest premiums for the best service. Further, Paul Revere agreed to offer a 30% discount to Tidewater employees. Tidewater employees were free to chose another plan to offer long term disability, but they would not receive the 30% discount under any other plan. Tidewater employees who chose Option D paid for the plan with after tax dollars, and Tidewater received no compensation from Paul Revere for payroll deduction services. Thus, Option D was offered as a supplement to the pre-tax dollar Options A, B, and C.

## II. *Legal Analysis*

 28 U.S.C. § 1331 provides that "the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Further, 28 U.S.C. § 1441 provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." The district courts have original jurisdiction over cases governed by ERISA, and claims brought in state court concerning qualifying employee benefit plans are removable to federal court. 29 U.S.C. § 1001, *et seq.*, *See also Metropolitan Life Insurance Co. v. Taylor*, 481 U.S. 58, 107 S.Ct. 1542, 95

L.Ed.2d 55 (1987) (stating that a claim related to an employee benefit plan is preempted by ERISA and is removable pursuant to 28 U.S.C. § 1441); *Broadnax Mills, Inc. v. Blue Cross Blue Shield of Virginia,* 867 F.Supp. 398 (E.D.Va.1994). However, cases involving individually purchased plans, not related to an employee benefit plan, the premiums for which are paid individually, are not preempted by ERISA. *See Employers Resource Management Co., Inc. v. James,* 853 F.Supp. 920 (E.D.Va.1994); *Consumer Benefit Ass'n of the United States v. Lexington Insurance Co.,* 731 F.Supp. 1510 (M.D.Ala. 1990). The Department of Labor has issued a regulation describing a "safe harbor" which allows certain benefit plans to be exempt from ERISA, with the intended purpose of exempting from ERISA those arrangements in which employer involvement is completely absent. 29 C.F.R. § 2510.3–1(j); 40 Fed.Reg. 34,526 (1975). The "safe harbor" regulation provides:

> The terms 'employee welfare benefit plan' and 'welfare plan' shall not include a group or group type insurance program offered by an insurer to employees or members of an employee organization, under which
>
> (1) No contributions are made by an employer or employee organization;
>
> (2) Participation [in] the program is completely voluntary for employees or members;
>
> (3) The sole functions of the employee or employee organization with respect to the program are, without endorsing the program, to permit the insurer to publicize the program, to collect premiums through payroll deductions or dues check offs and to remit them to the insurer; and
>
> (4) The employer or employee organization receives no consideration in the form of cash or otherwise in connection with the program, other than reasonable compensation, excluding any profit, for administrative services actually rendered in connection with payroll deductions or dues check-offs.

Courts have determined that all four of these conditions must be present for a plan to qualify for the safe harbor regulation. *Lott v. Metropolitan Life Ins. Co.,* 849 F.Supp. 1451, 1454 (M.D.Ala.1993). This regulation is often used to determine "whether a plan is 'established or maintained' by an employer." *Levett v. American Heritage Life Insurance Co.,* 971 F.Supp. 1399, 1402 (M.D.Ala.1997).

In the instant case, the parties agree that of these four criteria, three are clearly met. The first criteria is met because Tidewater made no contributions towards the Paul Revere policy—all payments were made by Plaintiff. The second criteria is met because Plaintiff had the freedom to chose from four Options, or could choose not to participate in any long term disability plan. The fourth criteria is met, because Tidewater received no consideration from Paul Revere in connection with the policy. Thus, the third criteria is the only one in dispute, and is the deciding issue in the case. If Tidewater endorsed the Paul Revere policy, the result would be that the policy does not qualify for the safe harbor regulation, this case is governed by ERISA, and remand is not permissible. If, however, Tidewater did not endorse the Paul Revere policy, the policy would qualify under the safe harbor, fall outside the purview of ERISA, and thus outside the jurisdiction of this Court.

It is the opinion of this Court that Tidewater clearly endorsed the Paul Revere Plan. While Vazquez individually purchased and paid the premiums on the plan with after tax dollars, those premiums were subject to a 30% discount by virtue of Tidewater's arrangement with Paul Revere. This arrangement constitutes endorsement by Tidewater because it basi-

cally belies a subsidy and *constructive* contributions to Plaintiff's premium payments. Further, Tidewater was required to approve an employee's plan before such employee could benefit from the 30% discount, and such approval and endorsement of the plan brings it under ERISA. Finally, although the plan was portable, and an employee could benefit from it even after employment with Tidewater had ended, the Plaintiff failed to show that an employee who left Tidewater would continue to receive the 30% discount. Thus the Court presumes that the 30% discount is tied to employment, and that the 30% discount would terminate when the employee left Tidewater. Lastly, the policy was part of on overall plan by Tidewater which encompassed a basic policy and the supplemental Paul Revere policy.

The Plaintiff argues that Tidewater did not clearly endorse the Paul Revere policy, stating that Tidewater employees were free to choose from several plans, including the Paul Revere policy, which was Option D. However, the Paul Revere policy was the exclusive choice under Option D and was selected by the Board of Directors of Tidewater over several others. Further, Bruce McCaskill testified at the October 23, 2001 hearing that for an employee to qualify to purchase Option D, such employee must already be a participant in Option A, B, or C. McCaskill stated that Option D acts to subsidize the benefits offered under Option A, B, or C; a subsidy that is valuable to a highly compensated employee. Despite subsequent filings by the Plaintiff claiming that Bruce McCaskill misspoke in this matter, the Court considers the evidentiary record closed as of the close of the evidentiary hearing on Tuesday October 23, 2001.

In any event, the Court finds as a fact that the employer, Tidewater Healthcare, endorsed the Paul Revere Policy known as Option D. The Motion to Remand is DE-NIED. The Clerk is ORDERED to provide a copy of this order to all counsel of record.

IT IS SO ORDERED.