**Rajaram PATIL, M.D. and Saroj Patil, Plaintiffs,**

v.

**PRUDENTIAL INSURANCE COMPANY OF AMERICA, et al, Defendants.**

No. 1:00–CV–251.

United States District Court, E.D. Texas, Beaumont Division.

Feb. 27, 2002.

Steven C. Barkley, Beaumont, TX, for Plaintiffs.

Tracy Walters McCormack, Raymond E. White, Akin Gump Strauss Hauer & Feld, Austin, TX, for Prudential & Texas Medical Ass'n, defendants.

Lawrence L. Germer, Germer & Gertz, Beaumont, TX, for U.S. Life Ins. Co. & AMA Ins. Co., defendants.

Riley L. Burnett Jr., Johnson Burnett & Chang, Houston, TX, for Sentry Life Ins., defendant.

## MEMORANDUM OPINION

COBB, District Judge.

This action arose in state court over the nonpayment of disability benefits. Plaintiffs Rajaram Patil ("Patil") and Saroj Patil brought suit seeking the payment of benefits from defendants Prudential Insurance Company of America, Texas Medical Associaton Insurance Trust, United States Life Insurance Company, AMA Insurance Agency, Pruco Life Insurance Company of Texas, and Sentry Life Insurance Company.

Patil was a practicing physician in Silsbee, Texas, for several years. He was a member of the Texas Medical Association ("TMA") and American Medical Association. While a member in these associations, and during the course of his practice, Patil secured disability insurance through the TMA. Patil alleges that beginning Au-

gust 15, 1998, he became disabled and unable to practice medicine.

Defendants removed the action to federal court on the grounds that the action is preempted by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, et seq. This court now examines the validity of that assertion to determine whether subject matter jurisdiction actually exists in this case.

## I. Subject Matter Jurisdiction

 It is well-settled that if an action in state court falls within the bounds of ERISA, federal subject matter jurisdiction exists and the action properly belongs in federal court. *Metropolitan Life Insurance Company v. Taylor*, 481 U.S. 58, 62–63, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). However, it remains the defendants' burden, as the parties removing the action to federal court, to establish removal jurisdiction. *Salveson v. Western States Bankcard Ass'n*, 731 F.2d 1423, 1426 (9th Cir. 1984). Generally, doubts about removal must be resolved in favor of remand. *National Audubon Society v. Dept. of Water & Power of the City of Los Angeles*, 496 F.Supp. 499, 507 (E.D.Cal.1980). Therefore, in the instant case, unless ERISA governs the relationship between Patil and any of the defendants, the case should be remanded. *Dodd v. John Hancock Mutual Life Ins. Co.*, 688 F.Supp. 564, 566 (E.D.Cal.1988).

## II. Analysis

The basic question is whether a doctor purchasing health insurance through the TMA establishes ERISA jurisdiction? As a basis for removal, Prudential argues it does. Therefore, an analysis of this court's subject matter jurisdiction is inextricably bound to a determination of whether ERISA applies in this case.

ERISA will only apply in this case if there is an employee welfare benefit plan. ERISA defines an employee welfare bene-fit plan ("EWBP") as "any plan, fund, or program establishing or maintained by an employer or by an employee organization, or by both ... for the purpose of providing its participants or their beneficiaries [with certain benefits] through the purchase of insurance or otherwise." *MDPhysicians & Ass. v. State Bd. of Ins.*, 957 F.2d 178, 182 (5th Cir.1992), citing 29 U.S.C. § 1002(1). There are single and multiple-employer EWBPs. In inverse order, a multiple-employer EWBP is a subgroup within a multiple-employer welfare arrangement ("MEWA"), which is defined as "all arrangements established or maintained for the purpose of offering or providing certain benefits to the employees of two or more employers." *MDPhysicians*, 957 F.2d at 181 (internal citations omitted) (citing 29 U.S.C. § 1002(40)(A)). However, not all MEWA's are governed by ERISA, as the statutory definition of a MEWA encompasses both EWBPs and arrangements other than EWBPs. *Id.* A single-employer plan is simply defined as a plan which is not a multiple-employer plan. 29 U.S.C. § 1002(41)(A). For ERISA to be applicable and for this court to have subject matter jurisdiction, either the TMA or Dr. Patil's professional association must constitute an EWBP.

## Multiple–Employer EWBP

 While the TMA may or may not be a MEWA, it is not an EWBP–MEWA for purposes of Patil's insurance claims. First, for a particular arrangement to constitute an EWBP under ERISA, there must in fact be a "plan". *Hansen v. Continental Ins. Co.*, 940 F.2d 971, 977 (5th Cir.1991). There has been no evidence produced that there was a plan.

 Second, ERISA applies to any employee benefit plan if it is established or maintained by 1) an employer, 2) an employee organization, or 3) by both. *MDPhysicians*, 957 F.2d at 182, referenc-

ing 29 U.S.C. § 1003(a). The TMA is not an employee organization. Therefore, for ERISA to apply, the TMA must fit within the statutory definition of an employer. As the 5th Circuit held in *MDPhysicians*, for a group or association to fall within the scope of that term, the group or association must either act directly as an employer in relation to an employee benefit plan or act indirectly in the interests of an employer in relation to an employee benefit plan. *Id.* at 183, referencing 29 U.S.C. § 1002(5). The TMA does not act directly as an employer of Dr. Patil, but rather Dr. Patil is a member of the association. There is no employment or economic relationship. Alternatively, the TMA does not act indirectly on behalf of its subscribing employers with regard to those employers' employees. The TMA's primary function in this setting was to offer reduced insurance premiums to its member-doctors through aggregation, not as employer or on behalf of employers.

Finally, the 5th Circuit in *MDPhysicians*, held that there must be something more connecting the provider of services and the recipients than that provision alone to distinguish an EWBP from other health insurance arrangements. *Id.* at 185, 186. The primary example of this is the relationship between employees and employers, or the relationship between employees and those that represent employers. *Id.* This special relationship, or protective nexus, protects the employee, who can rely on that person to represent the employee's interests relating to the provision of benefits. *Id.* At most, the TMA was only a conduit for Patil to receive medical and health benefits. Absent a plan, employer status, or this protective nexus between the entity providing the benefits and the individual receiving benefits, in this case the TMA cannot be considered to be a group or association of employers for the purposes of ERISA.

There was no multiple-employer EWBP with regard to this case.

## Single–Employer EWBP

■ Patil did not form an EWBP for himself. While the defendants urge this court to follow their rendition of an Eastern District of California case, it is neither binding nor does it contradict the present finding of this court. See *Dodd v. John Hancock Mut. Life Ins.*, 688 F.Supp. 564, 570 (E.D.Cal.1988) ("owner-employees are not counted as employees for the purpose of determining whether a plan is governed by ERISA"). The issue of whether an employer can be considered an employee for the purpose of receiving benefits under an established ERISA plan is different from the present determination of whether an ERISA plan exists. Dr. Patil entered into an insurance contract for himself as a doctor. An employer cannot form an EWBP for himself as the sole employee of the plan. There was therefore no single-employer EWBP.

■ As a final argument, defendants argue that whether this case falls within the bounds of ERISA is a question of fact. However, aside from there being no questions of fact concerning this issue, the 5th Circuit has established that when a trial court's power to hear a case is questioned with regard to subject matter jurisdiction, it is proper for the trial court to weigh the evidence to determine its power to hear the case. *MDPhysicians*, 957 F.2d at 180.

## III. Conclusion

ERISA does not govern this case. A self-employed physician, licensed to practice in Texas, is not an employee of the TMA or any of the insurance agencies. The TMA is not Dr. Patil's employer, but rather a "professional association which was established by and for the benefit of physicians who are licensed to practice" in the state of Texas. See *McCaslin v. Blue*

*Cross and Blue Shield,* 779 F.Supp. 1312, 1316–1317 (N.D.Ala.1991) (holding ERISA did not apply when doctor was not employee of the Medical Association of the State of Alabama). ERISA only regulates those plans established and maintained by employers or employee organizations for employees and their defendants. *Id.* Dr. Patil's relationship with the TMA cannot be characterized as any of those, and therefore does not fall within the bounds of ERISA.

For the reasons stated herewith, federal subject matter jurisdiction does not exist and this case is REMANDED to the state court from whence it came.