**BOARD OF TRUSTEES OF THE LABORERS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA, Plaintiff–Appellant,**

v.

**DOCTORS MEDICAL CENTER OF MODESTO; American Arbitration Association, Defendants–Appellees.**

No. 07–16710.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 10, 2009.

Filed Sept. 14, 2009.

Stacey E. Dicicco, Esquire, C. Todd Norris, Esquire, Susan Olson, Esquire, Bullivant Hauser & Bailey, San Francisco, CA, for Plaintiff–Appellant.

Ralph G. Helton, Esquire, Ralph Helton & Associates, Carrie Mclain, Esquire, Helton Law Group LLP, Long Beach, CA, Simon Kyriakides, Esquire, American Arbitration Association, New York, NY, for Defendant–Appellee.

Before: D.W. NELSON, W. FLETCHER and TALLMAN, Circuit Judges.

## MEMORANDUM *

Laborers Health and Welfare Trust Fund for Northern California ("the Fund") seeks a judgment enjoining the arbitration proceedings initiated against it by Doctors Medical Center of Modesto ("the Hospital"). The Fund contends that the Hospital's action is completely preempted by ERISA § 502(a)(1)(B), 29 U.S.C. 1132(a)(1)(B), and that the Hospital's case must therefore be heard in federal court.

Because § 502 does not completely preempt the Hospital's state law claims, dismissal was proper.

1. The Fund's complaint relies entirely on ERISA § 502 for relief.

Section 502(a)(1)(B) provides that

A civil action may be brought—(1) by a participant or beneficiary—... (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.

The Fund contends that because the Hospital's arbitration inevitably reduces to a suit for benefits under § 502(a)(1)(B), the Hospital must therefore pursue those benefits in federal court according to the terms of the ERISA plan and § 502(a)(1)(B).

However, as noted by this court in *Marin General Hospital v. Modesto & Empire Traction Co.*, 581 F.3d 941 (9th Cir.2009) allegations that an ERISA plan has entered into a contract with a third party, and that this contract has been breached, do not fall within § 502(a)(1)(B). As in *Marin General*, the Hospital in this case does not allege that the Fund violated the terms of the ERISA plan itself, but rather that it owed contractual obligations to the Hospital and failed to live up to them.[1] As stated in the Hospital's demand for arbitration, it seeks relief for the Fund's "[f]ailure to reimburse [sic] hospital pursuant to contract rates for services provided to the patient." While the Fund contends that it does not in fact owe contractual duties to the Hospital, that question goes only to the merits of the Fund's claim, not to whether or not the claim falls within § 502(a)(1)(B). Because the Hospital alleges a state contract claim that could not be brought under § 502(a)(1)(B), and relies on an independent legal basis, it is not preempted by § 502(a)(1)(B). *See Aetna Health Inc. v. Davila*, 542 U.S. 200, 210, 124 S.Ct. 2488, 159 L.Ed.2d 312 (2004).

2. The Fund's complaint for declaratory judgment and injunctive relief relies solely upon § 502(a). While conflict preemption under § 514(a) may or may not provide a basis for the injunctive relief sought by the Fund, the Fund's complaint fails to allege it. Its cause of action "arises under federal law only [if its] well-pleaded complaint raises issues of federal law." *Met. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). Because the Fund fails to plead § 514(a) as a basis for its action in its complaint, that section

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. In the District Court, the Hospital expressly waived any claim based on an assignment of benefits by the patient.

cannot support their request for an injunction.

Because § 502(a) does not completely preempt the Hospital's state law claims, we AFFIRM the judgment of the district court.

TALLMAN, Circuit Judge, dissenting:

I respectfully disagree with the majority's conclusion that federal subject matter jurisdiction is lacking. This is nothing more than a dispute over medical necessity for an extra day of hospitalization—a typical claim for benefits due under an ERISA plan covering the patient. I believe that the underlying dispute falls squarely within the test articulated by the Supreme Court in *Aetna Health Inc. v. Davila,* 542 U.S. 200, 124 S.Ct. 2488, 159 L.Ed.2d 312 (2004), and would conclude that the Hospital's claims are subject to complete preemption under § 502(a)(1)(B) of the Employee Retirement Income Security Act, 29 U.S.C. § 1132(a)(1)(B). Therefore, I dissent.