

# KEN PAXTON

### ATTORNEY GENERAL OF TEXAS

February 13, 2018

The Honorable Charles Perry
Chair, Committee on Agriculture, Water,
    & Rural Affairs
Texas State Senate
Post Office Box 12068
Austin, Texas 78711

Opinion No. KP-0179

Re: Whether certain Department of Insurance directives regarding Health Reimbursement Arrangements are preempted by recent changes to the Internal Revenue Code (RQ-0172-KP)

Dear Senator Perry:

You ask whether recent federal health care legislation preempts a bulletin issued by the Texas Department of Insurance ("Department") related to state regulation of health reimbursement arrangements.[1] You tell us a health reimbursement arrangement falls within the Internal Revenue Code's definition of a "flexible spending arrangement," defined generally as "a benefit program which provides employees with coverage under which specified incurred expenses may be reimbursed (subject to reimbursement maximums and other reasonable conditions)." Request Letter at 1;[2] see 26 U.S.C. § 106(c)(2) (defining "flexible spending arrangement"). You also tell us that in 2006, the Department issued a bulletin discussing the relevant statutes and identifying a health reimbursement arrangement as a plan or program subject to state regulation of group health plans under chapter 1501 of the Insurance Code. See Request Letter at 1–2; Tex. Dep't of Ins. Comm'r's Bulletin, No. B-0028-06 at 1 (Aug. 1, 2006) (the "Bulletin");[3] see also TEX. INS. CODE §§ 1501.003 (providing for applicability of chapter 1501 to small employer health benefit plans by reference to section 106, Internal Revenue Code), 1501.004 (providing for applicability of chapter 1501 to large employer health benefit plans, by reference to section 106, Internal Revenue Code). You tell us further that while the Department's construction represented in the Bulletin "does not expressly prohibit employers from reimbursing the premiums of individually owned health benefit plans of their employees, [it] requires the insurer to include certain benefits, usually only required in group health plans." Request Letter at 2. You inform us the "practical effect of

---

[1]Letter from Honorable Charles Perry, Chair, Senate Comm. on Agric., Water, & Rural Affairs, to Honorable Ken Paxton, Tex. Att'y Gen. at 1 (Aug. 8, 2017), https://www.texasattorneygeneral.gov/opinion/ requests-for-opinion-rqs ("Request Letter").

[2]In more common parlance, a health reimbursement arrangement "allows an employer to make non-taxable payments of otherwise allowable health costs on behalf of an employee or dependent of the employee. The money can be paid directly to a health care provider or to an employee for reimbursement." *Gilbertson v. City of Sheboygan*, 165 F. Supp. 3d 742, 745 (E.D. Wis. 2016).

[3]*Available at* http://www.tdi.texas.gov/bulletins/2006/cc9.html#.

requiring these plans to resemble group plans" is to essentially make a health reimbursement arrangement under state law a practical impossibility. *Id.*; *see also* I.R.B. No. 2013-40 at 287, 289 (Sept. 30, 2013) (Notice 2013-54),[4] I.R.B. No. 2016-09 at 358 (Feb. 29, 2016) (Notice 2016-17).[5]

You advise us, however, that a recent change to federal law expressly permits a specific type of health reimbursement arrangement. *See* Request Letter at 2. In late 2016, Congress passed the 21st Century Cures Act providing that a specific type of health reimbursement arrangement— a qualified small employer health reimbursement arrangement—is not considered a group health plan and thus does not have to comply with federal requirements for group health plans. *See* 26 U.S.C. § 9831(d)(1); 21st Century Cures Act, Pub. L. No. 114-255, § 18001, 130 Stat. 1033, 1338– 1344 (2016) ("21st Century Cures Act"). Accordingly, under federal law an employer may offer a qualified small employer health reimbursement arrangement to its employees if it is not, among other things, a large employer,[6] and it does not offer group health coverage to any of its employees. *See* 26 U.S.C. § 9831(d)(3)(B). The Department filed a brief indicating that its bulletin simply pointed to the existing statutes and, if there is preemption, it does not affect large employer health benefit plans (because the 2016 federal legislative change does not affect large employer health benefit plans and therefore leaves unaffected section 1501.004).[7]

Your question therefore requires us to determine whether the 2016 changes to federal law preempt the position articulated in section 1501.003 or 1501.004 or the Department's preexisting interpretation of that law in the 2006 Bulletin. *See* Request Letter at 1–2.

Through the Supremacy Clause of article VI of the U.S. Constitution, Congress may preempt state law by express provision or by implication, either through field preemption or through a conflict between federal and state law. U.S. CONST. art. VI, cl. 2; *Oneok, Inc. v. Learjet, Inc.*, 135 S. Ct. 1591, 1595 (2015). The 21st Century Cures Act contains no express preemption provision, and we need not address implied preemption thereunder because an express provision in the federal Employee Retirement Income Security Act of 1974,[8] or ERISA, answers your question. While the 21st Century Cures Act amends ERISA to expressly exclude a qualified small employer health reimbursement arrangement from ERISA's "group health plan" requirements, a qualified small employer health reimbursement arrangement remains an "employee benefit plan" under ERISA. *See* 21st Century Cures Act, § 18001(b)(1); 29 U.S.C. § 1191b(a)(1); *see also* 29 U.S.C. § 1002(1) (defining "employee welfare benefit plan" to include any program established by an employer for the purposes of providing medical benefits), 29 U.S.C. § 1002(3) (defining "employee benefit plan" as an "employee welfare benefit plan"); I.R.B. No. 2002-28 at 93, 95–96 (July 15, 2002) (Notice 2002-45 recognizing that a health reimbursement arrangement is also

---

[4]*Available at* https://www.irs.gov/pub/irs-irbs/irb13-40.pdf.

[5]*Available at* https://www/irs.gov/pub/irs-irbs/irb16-09.pdf.

[6]A large employer is defined as "with respect to a calendar year, an employer who employed an average of at least 50 full-time employees on business days during the preceding calendar year." 26 U.S.C. § 4980H(c)(2).

[7]Brief from Norma Garcia, Gen. Counsel, Tex. Dep't of Ins. at 2 (Dec. 1, 2017).

[8]ERISA sets minimum standards for most voluntarily established pension and health plans in private industry to provide protection for individuals in such plans. *See generally* 29 U.S.C. § 1001–1461.

subject to the requirements for welfare benefit plans under ERISA).[9] As such, a qualified small employer health reimbursement arrangement is subject to ERISA preemption analysis.[10]

ERISA preemption of state law, though "not a model of legislative drafting" according to the United States Supreme Court, operates under three key provisions. *Metro. Life Ins. Co. v. Massachusetts*, 471 U.S. 724, 739–40 (1985). The first provision is the general preemption clause which provides that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). The second provision, the "savings" clause, states that the general preemption provision shall not "be construed to exempt or relieve any person from any law of any State which regulates insurance, banking, or securities." *Id.* § 1144(b)(2)(A). The third provision, called the "deemer" clause, provides that "an employee benefit plan . . . shall [not] be deemed to be an insurance company or other insurer . . . to be engaged in the business of insurance . . . for purposes of any law of any State purporting to regulate insurance companies." *Id.* § 1144(b)(2)(B). In other words, the deemer clause negates the savings clause by exempting "employee benefit plans from state regulation as insurance companies." *Custom Rail Emp'r Welfare Tr. Fund v. Geeslin*, 491 F.3d 233, 235 (5th Cir. 2007). Thus, to examine whether ERISA preempts a state law, we first determine whether the law "relates to" employee benefit plans. *See generally E-Sys., Inc. v. Pogue*, 929 F.2d 1100, 1103–04 (5th Cir. 1991) (providing analytical framework under ERISA's preemption clauses); *Am. Health Ins. Plans v. Hudgens*, 742 F.3d 1319, 1330 (11th Cir. 2014) (same). If it does, we then consider whether the state law is "saved" from preemption by the savings clause. *See Hudgens*, 742 F.3d at 1330. In the event the state law is saved, we consider whether the "deemer" clause applies. *See id.* If the "deemer" clause applies, then the savings provision does not protect the state law[11] from preemption. *See id.*

The United States Supreme Court held that a state law "relates to" an ERISA plan "if it has a connection with or reference to such a plan." *Egelhoff v. Egelhoff*, 532 U.S. 141, 147 (2001). "To determine whether a state law has the forbidden connection, we look both to 'the objectives of the ERISA statute as a guide to the scope of the state law that Congress understood would

---

[9]*Available at* https://www.irs.gov/pub/irs-irbs/irb02-28.pdf.

[10]Two types of preemption may occur under ERISA. First, ERISA may occupy a particular field, which results in complete preemption under 29 U.S.C. § 1132. *See Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63–64 (1987). Second, ERISA preempts a state law action under 29 U.S.C. § 1144(a) when it conflicts with the federal law. *See Bullock v. Equitable Life Assurance Soc'y*, 259 F.3d 395, 399 (5th Cir. 2001). It is the latter preemption that we address in this opinion.

[11]ERISA defines "state law" to mean "all laws, decisions, rules, regulations, or other state action having the effect of law." 29 U.S.C. § 1144(c). An advisory bulletin is not promulgated by either the Legislature as a law or by the judiciary as an opinion. *See* Tex. Att'y Gen. Op. No. KP-0115 (2016) at 1 (explaining that the Department "uses bulletins to efficiently give public notice of a variety of topics"). Nor is it a rule or regulation adopted under the Administrative Procedure Act. *See Beacon Nat'l Ins. Co. v. Montemayor*, 86 S.W.3d 260, 269 (Tex. App.— Austin 2002, no pet.) (stating that Department bulletins "do not rise to the status of 'rules' within the meaning of section 2001.003(6)" of the Administrative Procedure Act). Yet, as you explain, the Bulletin is the "State's authority on [health reimbursement arrangement] practices." Request Letter at 2; *see also generally Benefit Recovery, Inc. v. Donelon*, 521 F.3d 326, 330 (5th Cir. 2008) (noting that a state advisory that merely expounded on what was already in the state's insurance code nonetheless was a "state law" under ERISA because "the hand of the state . . . requires compliance"). For purposes of this opinion, we will assume the Department's position as reflected in the Bulletin has the force of state law under ERISA. *But see* Tex. Att'y Gen. Op. No. KP-0115 (2016) at 1.

survive,' as well as to the nature of the state law on ERISA plans." *Id.* (quoting *Cal. Div. of Labor Standards Enf't v. Dillingham Constr., N.A., Inc.*, 519 U.S. 316, 325 (1997)). Here, the statute, as interpreted by the Department in the 2006 Bulletin, subjects a private employer's self-funded health reimbursement arrangement, and presumably now a self-funded qualified small employer health reimbursement arrangement, to state regulation as a group health benefit plan. *See* TEX. INS. CODE § 1501.003; Bulletin, *supra* note 3, at 1. "The purpose of ERISA is to provide a uniform regulatory regime over employee benefit plans," and its preemption provisions "are intended to ensure that employee benefit plan regulation" would be "exclusively a federal concern." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208 (2004) (quotations marks omitted). If the Department's interpretation of section 1501.003 applies with respect to qualified small employer health reimbursement arrangements, employers in Texas offering these plans face different obligations than in other states. Considering this effect against ERISA's purposes, section 1501.003 and the Department's position in the Bulletin relate to an ERISA plan.

Yet, ERISA's savings provision exempts a state law from preemption if the state law "regulates insurance." 29 U.S.C. § 1144(b)(2)(A). In *Kentucky Ass'n of Health Plans v. Miller*, the United States Supreme Court adopted a two-part test to determine if a law is one that regulates insurance. 538 U.S. 329, 341–42 (2003). The first prong is that the state law must be "specifically directed toward entities engaged in insurance." *Miller*, 538 U.S. at 342. Here, chapter 1501 of the Insurance Code certainly regulates insurance. And the Bulletin interpreting sections 1501.003 and 1501.004 determines that "the payment of individual health benefit plan premiums through an employer-funded [health reimbursement arrangement]" creates a small or large employer health benefit plan subject to regulation under chapter 1501 of the Insurance Code. Bulletin *supra* note 3, at 1. The Bulletin expressly states that it serves to "remind[] carriers, agents, and other regulated entities of their responsibility to comply with Texas law." *Id.* In that respect, the law and interpreting Bulletin could be viewed as being directed toward entities engaged in insurance.

The second *Miller* prong requires that the state law must also "substantially affect the risk pooling arrangement between the insurer and the insured." *Miller*, 538 U.S. at 338. The *Miller* court recognized that an expansion of the number of providers from whom an insured may receive health services alters the scope of permissible bargains between insurers and insured and substantially affects the type of risk pooling arrangements that insurers offer. *See id.* at 338–39. In this prong, *Miller* focused on the benefits an insured has access to and the population covered. *N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d 182, 200 (5th Cir. 2015). An argument can be made that the scope of the relevant state law and the Bulletin's clarification of a health reimbursement arrangement as a health benefit plan subject to state regulation impact an employer's decision to offer a qualified small employer health reimbursement arrangement to its employees (leading to a greater or lesser number of options for the insured and thereby substantially affecting the risk pooling arrangement between insurers and the insured). A court could therefore conclude that under the two-part *Miller* test, section 1501.003 and the Bulletin regulate insurance within the scope of the savings clause.

Regardless, though, ERISA's "deemer clause . . . exempt[s] self-funded ERISA plans from state laws that 'regulat[e] insurance,'" thereby limiting the application of the savings clause. *FMC Corp. v. Holliday*, 498 U.S. 52, 61 (1990); *see also Tex. Dep't of Ins. v. Am. Nat'l Ins. Co.*, 410 S.W.3d 843, 849 (Tex. 2012) ("ERISA prohibits states from deeming these self-funded plans

'insurance compan[ies] or other insurer[s]' or 'to be engaged in the business of insurance' for purposes of state insurance regulation. Simply put, states cannot regulate private self-funded insurance plans."); Tex. Att'y Gen. Op. No. GA-0327 (2005) at 3 (distinguishing self-funded plans from insurance). As a qualified small employer health reimbursement arrangement is a private, self-funded plan, under the deemer clause, it is not subject to state insurance regulation. *See Rush Prudential HMO, Inc. v. Moran*, 536 U.S. 355, 371 n.6 (2002) (noting that because of the deemer clause, an Illinois statute "would not be 'saved' as an insurance law" to the extent it indirectly applied to self-funded plans). Thus, assuming section 1501.003 and the Bulletin are directed toward entities engaged in insurance, they cannot regulate a self-funded qualified small employer health reimbursement arrangement in light of the 2016 Congressional change. *See generally Hudgens*, 742 F.3d at 1333 (withholding ultimate determination of whether law was "saved" by ERISA's savings clause as unnecessary because the deemer clause applied to preempt the self-funded plan). Accordingly, a court would likely determine that ERISA now preempts section 1501.003 and the Bulletin to the extent they purport to regulate a self-funded qualified small employer health reimbursement arrangement. Because this change in federal law did not affect large employer health benefit plans, ERISA does not preempt section 1501.004.

## S U M M A R Y

A court would likely determine that the Employee Retirement Income Security Act of 1974, or ERISA, preempts section 1501.003 of the Insurance Code and Department of Insurance Commissioner's Bulletin No. B-0028-06 to the extent they purport to regulate a self-funded qualified small employer health reimbursement arrangement.

Very truly yours,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

CHARLOTTE M. HARPER
Assistant Attorney General, Opinion Committee